IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PARKER POE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. |
| DR. MELANIE LOWE, in her individual and official capacity, DR. JEREMY BOURGOIN, in his individual and official capacity, and VANDERBILT UNIVERSITY, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendants Dr. Melanie Lowe ("Lowe"), Dr. Jeremy Bourgoin ("Bourgoin"), and Vanderbilt University ("Vanderbilt") (collectively, "Defendants") pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby file this Notice of Removal, removing to the United States District Court for the Middle District of Tennessee the case brought by Plaintiff Parker Poe ("Plaintiff") in the First Circuit Court for Davidson County Tennessee, Civil Action Docket Number 24C548 ("Action" or "Complaint"). In support of its Notice and grounds for Removal, Defendants state as follows:

**A.      Timeliness**

1.      On March 6, 2024, Plaintiff filed a Complaint styled *Parker Poe v. Dr. Melanie Lowe, in her individual and official capacity, Dr. Jeremy Bourgoin, in his individual and official capacity, and Vanderbilt University* in the First Circuit Court for Davidson County Tennessee, Case No. 23C548. A true and correct copy of the Complaint, the summonses, and all pleadings,

orders, and other papers on file in the Davidson County Circuit Court are attached hereto as collective **Exhibit A**.

2. On March 8, 2024, both Bourgoin and Lowe were separately served with Summons and a copy of the Complaint in the Action. *See* Exhibit A.

3. On March 18, 2024, Vanderbilt's registered agent was served with Summons and a copy of the Complaint in the Action. *See* Exhibit A.

4. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and Summons upon all Defendants. Because the first of the Defendants to be served (Bourgoin and Lowe) were served on March 8, less than 30 days have passed and removal is timely.

5. Likewise, the time for all Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

**B.  Jurisdiction**

6. In the Complaint, Plaintiff asserts a claim for discrimination (via selective enforcement) against Vanderbilt under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. *See* Complaint, ¶¶235-270. Thus, this Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

7. In the Complaint, Plaintiff also asserts claims for Breach of Contract (against Vanderbilt), Negligence (against all Defendants), Intentional Infliction of Emotional Distress (against all Defendants), Negligent Infliction of Emotional Distress (against all Defendants), and Defamation (against Bourgoin). *See* Complaint ¶¶221-234, 271-319. These claims form part of the same case or controversy as Plaintiff's Title IX claim.

4855-8303-2498 v2
2938951-000003 03/28/2024

8. This Court also has original jurisdiction of this Action under 28 U.S.C. § 1332(a)(1), as it is a matter between citizens of different states with the amount in controversy exceeding $75,000.00, exclusive of interests and costs.

9. Plaintiff is a "citizen of the United States, and a resident of a state in the Northeast." *See* Complaint ¶5.

10. All Defendants are citizens of the State of Tennessee. *See* Complaint ¶¶10-12.[1]

11. In addition, the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

    (a) Plaintiff's Complaint requests open-ended relief on all claims in the form of monetary damages "in an amount to be determined at trial, including, without limitation, punitive damages, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and career opportunities, and loss of future career prospects" as well as injunctive relief against Vanderbilt. *See* Complaint, Prayer for Relief.

    (b) Plaintiff also seeks recovery of "prejudgment interest, attorneys' fees, expenses, costs, and disbursements." *Id.*

    (c) It is more likely than not, therefore, that Plaintiff's claims for damages will meet and/or exceed the amount in controversy requirement. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 934 (W.D. Tenn. 2004).

12. For the preceding reasons, removal is also proper under 28 U.S.C. § 1441(b), because this Court has diversity jurisdiction.

---

[1] The removal prohibition contained in 28 U.S.C. § 1441(b)(2) do not apply because diversity jurisdiction is not the sole basis of removal.

4855-8903-2498 v2
2938951-000003 03/28/2024

C.     **Venue**

13.    Venue is proper in this district under 28 U.S.C. § 1441(a) because the United States District Court for the Middle District of Tennessee at Nashville is the federal judicial district embracing the Circuit Court of Davidson County, Tennessee for the Twentieth Judicial District at Nashville, where the Action was originally filed.

D.     **All Other Removal Requirements are Met.**

14.    A Notice of Filing Notice of Removal will be filed in the Circuit Court of Davidson County, Tennessee for the Twentieth Judicial District at Nashville, with copies served on Plaintiff's counsel, pursuant to 28 U.S.C. §§ 1446(a) and (d).

15.    Based on the foregoing, Defendants respectfully request that the United States District Court for the Middle District of Tennessee accept this Notice of Removal and assume jurisdiction of this cause and issue such further order and processes as may be necessary to bring before it all parties necessary.

16.    By filing this Notice of Removal, Defendant does not waive any defenses, including without limitation, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

WHEREFORE, Defendant hereby gives notice that the above-referenced action now pending against it in the Circuit Court for Davidson County, Tennessee, has been Removed therefrom to this Court.

4855-8903-2498 v2
2938951-000003 03/28/2024

Respectfully submitted:

*s/ Mark A. Baugh*
Mark A. Baugh (#15779)
Ryan P. Loofbourrow (#33414)
Katie Dwyer (#39090)
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
mbaugh@bakerdonelson.com
rloofbourrow@bakerdonelson.com
kdwyer@bakerdonelson.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on April 1, 2024 via email and U.S. Mail on the following:

Cory R. Miller (#034770)
Jacob E. Moses (#041637)
Brewer Krause Brooks Chastain & Meisner, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
cmiller@bkblaw.com
jmoses@bkblaw.com

*Attorneys for Plaintiff*

*s/ Mark A. Baugh*
Mark A. Baugh