IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PARKER POE, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:24-cv-00368 |
| | ) |
| v. | ) Judge Crenshaw |
| | ) Magistrate Judge Frensley |
| VANDERBILT UNIVERSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER STATE COURT ORDER GRANTING PLAINTIFF LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff brings this lawsuit against Dr. Melanie Lowe ("Lowe"), Dr. Jeremy Bourgoin ("Bourgoin"), and Vanderbilt University ("Vanderbilt") (collective, "Defendants") for their roles in an investigation into whether Plaintiff's online postings about another student violated certain provisions of Vanderbilt's Student Handbook. But Plaintiff's allegations in this case do not entitle him to the exceptional relief of proceeding under a pseudonym. Instead, as the Court has held previously, the types of allegations made by Plaintiff to support his claims arising out of a university student conduct proceeding should be governed by the presumption of open and transparent court proceedings.

For the reasons set forth herein, the Court should effectively reconsider the "Order for Leave to Proceed Under Pseudonym" issued by the Circuit Court for Davidson County, Tennessee prior to Defendants' removal of the case to this Court ("State Court Order") (ECF No. 1-1 at 77) by issuing its own order denying Plaintiff leave to file under a pseudonym and requiring Plaintiff to file an Amended Complaint including his full name in compliance with Federal Rule of Civil Procedure 10.

1

## I. BACKGROUND

Plaintiff initiated this action on March 6, 2024, when he filed a complaint styled *Parker Poe v. Dr. Melanie Lowe, in her individual and official capacity, Dr. Jeremy Bourgoin, in his individual and official capacity, and Vanderbilt University* in the First Circuit Court for Davidson County Tennessee, Case No. 24C548 ("Complaint"). (ECF No. 1-1). As more fully detailed in Defendants' Memorandum in Support of Defendants' Motion to Dismiss (ECF No. 17), the Complaint includes claims against Defendants arising out of Plaintiff's suspension from Vanderbilt University. In April 2022, Plaintiff posed as different women, including other students, and posted on an anonymous social media website that a fellow student, Simon Roe, sexually assaulted women. (ECF No. 1-1 at 15). Roe filed a lawsuit and uncovered that Poe was responsible for a large number of the posts, so he filed a complaint with the Student Accountability Office. (*Id.* at 16). Vanderbilt investigated the complaint in accordance with its Student Handbook and ultimately found Poe accountable for multiple policy violations, suspending him from school for a period of time. (*Id.* at 30). Poe brings this lawsuit against Dr. Melanie Lowe, Dr. Jeremy Bourgoin, and Vanderbilt University for their roles in the decision-making process and ultimate accountability decision.

Contemporaneously with the Complaint, Plaintiff filed a Motion to Proceed Under Pseudonym ("Pseudonym Motion") wherein he argued that he should permitted to proceed under the pseudonym "Parker Poe," because of the "private, sensitive, and highly personal nature of the allegations contained in the Complaint," the potential harm if his name were disclosed, the presence of educational records protected by FERPA, and "the minimal public interest in learning plaintiff's identity." (ECF No. 1-1 at 66-71). The Circuit Court granted Plaintiff's Pseudonym Motion on the same day it was filed—before Defendants were served with the State Court

4853-7739-6166v1
2938951-000003 06/11/2024

Complaint and before Defendants had a chance to respond to Plaintiff's Pseudonym Motion. (*Id.* at 77).

Defendants removed the action to this Court on April 1, 2024 (ECF No. 1), and the Order granting Plaintiff's Pseudonym Motion remains in full force and effect under 28 U.S.C. § 1450.

## II. LAW AND ARGUMENT

District courts have authority "both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "'Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Smith v. CoreCivic, Inc.*, 618 F. Supp. 3d 695, 699 (M.D. Tenn. 2022) (quoting *Rodriguez*, 89 F. App'x at 959). This higher standard is used because a Rule 54 motion "is not an opportunity to re-argue a case and should not be used to re-litigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Chapman-Robbins v. Tenn. DOT*, No. 3:19-cv-01128, 2021 WL 3136267, at *2 (M.D. Tenn. Apr. 22, 2021); *Lee v. Vanderbilt Univ.*, No. 3:20-CV-00924, 2022 WL 2311765, at *3 (M.D. Tenn. June 27, 2022).

Here, however, the state court granted Plaintiff's Pseudonym Motion before Defendants had a chance to respond. The Court's local rules provide a remedy for such a situation, permitting a party to file a motion to reconsider an interlocutory order within 14 days if the order was issued before it had a chance to respond. *See* L.R. 7.01(b). The Court then reviews the order at issue *de novo*. Because this case was not removed to the Court within 14 days after the State Court Order

3

4853-7739-6166v1
2938951-000003 06/11/2024

Case 3:24-cv-00368    Document 20-1    Filed 06/11/24    Page 3 of 15 PageID #: 185

was entered and to give Defendants an adequate opportunity to argue against Plaintiff's motion in the first instance, the Court should decide *de novo* whether Plaintiff may proceed under a pseudonym.

Ultimately, Rule 54 motions to reconsider are "entrusted to the Court's sound discretion." *Chapman-Robbins,* 2021 WL 3136267, at *2. And whether the Court reviews the State Court Order under the clear error standard or *de novo*, the result is the same: Plaintiff should reveal his identity publicly.

### A. The State Court Order granting Plaintiff leave to file under a pseudonym constitutes a clear error of law.

Even if Defendants had been provided the opportunity to respond to the Pseudonym Motion, the State Court Order allowing Plaintiff to proceed anonymously would still constitute a clear error of law. A movant establishes a "clear error of law" when he can show that the order or judgment at issue "represents some 'wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court.'" *United States v. Carney*, No. 3:21-cr-00098, 2022 WL 678648, at *4 (M.D. Tenn. Mar. 4, 2022) (quoting *Dorger v. Allstate Ins. Co.*, No. CIV.A. 2:08-56-DCR, 2009 WL 2136268, at *1 (E.D. Ky. July 16, 2009)); *see also Reaves v. CWS Powder Coatings Co., L.P.*, No. 3:22-CV-00158, 2023 WL 4189657, at *1 (M.D. Tenn. June 26, 2023) ("The standard for reconsideration under Rule 54(b) is similar to that applied to motions to alter or amend judgment under Rule 59(e)."). Under well-established precedent, Plaintiff is not entitled to the extraordinary relief of proceeding under a pseudonym in this action, making the State Court Order granting him leave to do so a clear error of law.

"The 'general rule [is] that a complaint must state the names of the parties.'" *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)); *see*

4

4853-7739-6166v1
2938951-000003 06/11/2024
Case 3:24-cv-00368   Document 20-1   Filed 06/11/24   Page 4 of 15 PageID #: 186

*also* Fed. R. Civ. P. 10(a), 17(a)(1). This rule arises from the longstanding principle that "[t]he public has a right to know who the parties are in almost every case before a federal district court as a matter of 'public confidence in and understanding of the judicial system.'" *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *8 (M.D. Tenn. June 28, 2021) (quoting *Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018)); *see also Fedex Ground Package Sys., Inc.*, 2021 WL 5041286, at *5 (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006)) ("This rule has 'constitutional overtones,' as a plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment.'").

Because of this preference for open and transparent judicial proceedings, "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Marsh*, 123 F. App'x at 636–37 (citing Fed. R. Civ. P. 10(a)). The Sixth Circuit Court of Appeals has held that a Plaintiff may pursue their claims under a pseudonym in a limited number of circumstances, based upon consideration of the following factors:

> (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quotations omitted). Courts may also consider other factors, such as whether the plaintiff would risk harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by forcing them "to proceed with insufficient information to present their arguments." *Doe v. Lee*, No. 3:22-CV-00569, 2023 WL 2587790, at *2 (M.D. Tenn. Mar. 21, 2023).

### 1. Plaintiff's prosecution of his claims will not require disclosure of information "of the utmost intimacy."

In his Pseudonym Motion, Plaintiff argues that this litigation "will compel the disclosure of information of the utmost intimacy, including, but not limited to, information concerning Plaintiff's educational records and his mental health." (ECF No. 1-1 at 66). But Plaintiff's reliance on the second *Porter* factor as justifying his use of a pseudonym is misplaced. It is Plaintiff's burden to show that this case will compel him to disclose information "of the utmost intimacy," *Porter*, 370 F.3d at 560, and Plaintiff simply has not made (and cannot make) that showing.

Plaintiff's generalized allegations that "information concerning Plaintiff's educational records and his mental health" constitutes "information of the utmost intimacy," are completely unsupported. Instead of citing cases which speak to these specific arguments, Plaintiff's Pseudonym Motion relies on a laundry list of cases involving sexual assault allegations. (ECF No. 1-1. at 68-69). A review of these cases reveals a common thread: they each involve factual scenarios where courts allowed *victims of alleged sexual assault* to proceed pseudonymously. *See e.g., Doe v. Mitchell*, No. 2:20-CV-00459, 2020 WL 6882601, at *5 (S.D. Ohio Nov. 24, 2020) (permitting identification of alleged victim of sexual assault as "Jane Roe" during proceedings); *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing a rape victim to proceed under a pseudonym). Despite his reliance on this line of cases, Plaintiff does not cite his being an alleged victim of sexual assault as warranting his use of a pseudonym. (ECF No. 1-1 at 68-70).

These cases are thus wholly inapplicable to this case and do not support Plaintiff's argument as to why he should be entitled to the extraordinary relief of proceeding under a pseudonym. This case centers on Plaintiff's violations of Vanderbilt's Student Handbook via his online postings about another student. This case, therefore, does *not* center on Plaintiff being a

victim of alleged sexual assault. This is not a case where a victim of sexual assault is seeking recourse against the alleged perpetrator or against his or her university for the handling of a sexual assault investigation as was the case in the opinions cited in Plaintiff's Pseudonym Motion. Rather, the issue of sexual assault is relevant to this case only in that Plaintiff's social media posts accused another student of committing sexual assault. But to be clear, it was not Plaintiff who was accused of sexual assault or was the victim of alleged sexual assaults. As such, Plaintiff's allegations do not involve matters "of the utmost intimacy."

A review of cases that *are* factual similar to this case (i.e., those focused on the fairness of student conduct proceedings) makes clear the facts of this case do not involve matters "of the utmost intimacy" such that Plaintiff's privacy interests would outweigh the public's interest in open court proceedings. For example, in *Doe v. Colgate University*, a former student brought eight claims against Colgate University and various university officials "based upon his expulsion from the institution for disciplinary reasons." No. 5:15-CV-1069 LEK/DEP, 2015 WL 5177736, at *1 (N.D.N.Y. Sept. 4, 2015). In finding that the plaintiff's privacy interests did not outweigh the public's interest in full disclosure of the judicial proceedings, the Doe court explained:

> Plaintiff has voluntarily opted to commence this litigation and air his grievances in a quintessentially public forum. Presumably, by doing so, he believes his case to be meritorious. In the event plaintiff prevails, his reputation will be cleared while the University's unlawful conduct remains public. In the interest of facilitating public scrutiny of judicial proceedings, and in the interest of basic fairness, I find plaintiff should be required to proceed in this action using his true identity.

*Id.* at *2. So too is the case here: Plaintiff chose to initiate this action, and if he is meritorious in proving his claims, any concerns about "further embarrassment" or "further victimization and loss of dignity" would be moot. (ECF No. 1-1 at 69). A similar result was reached in *Doe v. Valencia College*, where a plaintiff brought suit to "clear his name" after he "was the subject of a college disciplinary hearing on claims of violating the college's Student Code of Conduct with respect to

7

4853-7739-6166v1
2938951-000003 06/11/2024
Case 3:24-cv-00368   Document 20-1   Filed 06/11/24   Page 7 of 15 PageID #: 189

alleged sexual harassment, stalking of another student, and related misconduct." No. 615CV1800ORL40DAB, 2015 WL 13739325, at *1 (M.D. Fla. Nov. 2, 2015). The court denied plaintiff's request to proceed under a pseudonym and explained that "Plaintiff cannot possibly 'clear his name' if he is unwilling to disclose it:"

> While Plaintiff argues that, if required to disclose his identity in this suit, he would be "forever publicly identified with allegations of physical abuse and sexual assault," the basis of his suit is that he is already publicly identified with these allegations, and will continue to be so identified, unless the Court acts to change it. Plaintiff alleges he has suffered defamation as the result of past publication of the Decision to numerous "third parties." He asserts that his reputation has been "severely harmed" and "permanently damaged" by the disclosures that have been made. Indeed, he brings this suit "to clear his name ..." (Doc. 3, p. 2). Such relief is inconsistent with proceeding anonymously.

*Id.* at *3.

Plaintiff has failed to meet his burden to show that the prosecution of his claims will require disclosure of information "of the utmost intimacy," and he is therefore not entitled to proceed under a pseudonym in this case.

### 2. Plaintiff's identify has already been disclosed in a related state court proceeding.

Though not an explicit factor laid out in *Porter*, the fact that Plaintiff's real name has been disclosed in a related state court proceeding is another "factor" that this Court should consider in evaluating whether Plaintiff has established his right to the extraordinary privilege of proceeding under a pseudonym. *See Doe,* 2023 WL 2587790, at *2 (holding that the court may consider "other factors" in addition to those set out in *Porter*).

As detailed in Plaintiff's Complaint, the events underlying Plaintiff's claims began in November 2022 when a fellow Vanderbilt student, Simon Roe, filed a lawsuit in Davidson County Circuit Court concerning the anonymous posts made about him on various social media sites, including Yik Yak. (ECF No. 101 at 16). Roe initially brought the suit against "Posters Nos. 1-

4853-7739-6166v1
2938951-000003 06/11/2024

25," but served a series of subpoenas on the social media sites to uncover information about the identities of the anonymous posters. (*Id.*). In response to Roe's subpoena, Yik Yak provided information sufficient for Roe to identify Plaintiff as one of the anonymous posters. (*Id.*). Roe amended his lawsuit to name Plaintiff, and he reported Plaintiff's actions to Vanderbilt's Student Accountability, Community Standards, and Academic Integrity office headed by Dr. Bourgoin. (*Id.*).

After Plaintiff's real name was disclosed on the record, he took a position diametrically opposed to his position in this case when he filed a motion seeking to prohibit Roe (the plaintiff in the state court proceedings) from continuing to proceed under a pseudonym. *See* Memorandum of Law in Support of Motion to Remove Plaintiff's Pseudonym, attached hereto as <u>Exhibit 1</u>. As Plaintiff argued, if he was not entitled to proceed under a pseudonym, neither should Roe. *See id.* at 2. Indeed, Plaintiff cited many of the same cases and arguments which Defendants cite here, including the "presumption of public access to the identities of litigants," the potential for "adverse impact on the availability of evidence," and the fact that courts should "only allow parties to proceed in a lawsuit anonymously in extreme cases." *See id.* at 3, 7, 9.

Not only should Plaintiff's arguments in the related state court proceeding undercut his credibility with this Court, but the fact that his name is public and easily accessible in a related proceeding should undercut his privacy interest in staying anonymous in this case. *See Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) ("In cases where the sensitive information has already been disclosed during a party's prior litigation under its real name, the social interest in allowing a party to proceed anonymously is limited."); *Doe v. Univ. of Louisville*, No. 3:17-CV-00638-RGJ, 2018 WL 3313019, at *3 (W.D. Ky. July 5, 2018) (holding that when a plaintiff's name already appeared in the public record of a criminal case, he

forfeited his ability to keep his identify concealed in a civil suit based on the same underlying facts); *Doe v. Bell Atl. Bus. Sys. Servs.*, 162 F.R.D. 418, 422 (D. Mass. 1995) (concluding that the "plaintiff's true identity was revealed in administrative proceedings, [so] the request for anonymity is effectively moot"); *Doe v. Univ. of Rhode Island*, No. CIV.A. 93-0560B, 1993 WL 667341, at *3 (D.R.I. Dec. 28, 1993) (request to proceed under pseudonym denied in part because plaintiff was "a named party in earlier related litigation").

### 3. Permitting Plaintiff to proceed under a pseudonym would prejudice Defendants.

Plaintiff's assertion that his use of a pseudonym in this litigation presents "no risk of prejudice to either party" is inaccurate. (ECF No. 1-1 at 69). Even if one of the *Porter* factors or some other legitimate reason is present (which is not the case here), courts nonetheless consider potential prejudice to a defendant created by allowing a Plaintiff to proceed anonymously. *Ramsbottom*, 2021 WL 2651188, at *5. "Courts considering [potential prejudice to the opposing party] have examined 'difficulties in conducting discovery,' the 'reputational damage to defendants,' and the 'fundamental fairness of proceeding anonymously,' among other considerations." *Id*. at *6 (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021) (citations omitted)).

As this Court reasoned in *Ramsbottom*, "concerns of fundamental fairness suggest that defendants are prejudiced when required to defend themselves publicly before a jury while plaintiffs make accusations from behind a cloak of anonymity." *Ramsbottom*, 2021 WL 2651188, at *6. The court went on to find that allowing a Plaintiff "to proceed anonymously would disadvantage" defendants "at all stages of litigation, including settlement, discovery, and trial, make it more difficult to obtain witnesses and witness testimony, provide the defendants with less

10

4853-7739-6166v1
2938951-000003 06/11/2024
Case 3:24-cv-00368   Document 20-1   Filed 06/11/24   Page 10 of 15 PageID #: 192

leverage in settlement negotiations, and hinder their ability to fully and adequately cross-examine [plaintiff]." *Id*. at 6.

Allowing Plaintiff to proceed anonymously will undoubtedly cause Defendants difficulty in conducting discovery, a fact that is consistently recognized by Courts. For example, a party defending against a Jane Doe is unable to issue subpoenas using the plaintiff's real name. *Doe v. Wolowitz*, No. 01-73907, 2002 WL 1310614, at *5 (E.D. Mich. May 28, 2002). Additionally, "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Del Rio*, 241 F.R.D. at 159. "Public trials come to the attention of key witnesses unknown to the parties." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596–97; *see also Roe v. Does* 1-11, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *3 (E.D.N.Y. Oct. 14, 2020) ("Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward of their own volition to either bolster or refute a plaintiff's allegations."). By keeping Plaintiff's identity confidential while Defendants are known, "information about only one side may thus come to light," not only prejudicing Defendants, but also hindering "the judicial interest in accurate fact-finding and fair adjudication." *Del Rio*, 241 F.R.D. at 159.

The high possibility of prejudice to Defendants is yet another reason that Plaintiff should not be permitted to proceed under a pseudonym.

### 4. The risk of psychological and other harm to the Plaintiff does not overcome the right of Defendants to defend this case fairly and transparently.

Plaintiff's Pseudonym Motion also contains an unsupported argument that "if required to disclose his identity, [Plaintiff] will suffer additional mental, emotional, and psychological harm."

(ECF No. 1-1 at 68). While courts have found that psychological harm can be the type of injury that could justify the use of a pseudonym, those circumstances are very limited. *Ramsbottom*, 2021 WL 2651188, at *6. "Plaintiffs alleging mental harm in this type of situation must 'base their allegations...on more than just mere speculation.'" *Id*. (quoting *Rapp*, 2021 WL 1738349, at *5 (citation omitted)). Specifically, when a plaintiff claims that disclosure of her identity in litigation will "retrigger" psychiatric trauma symptoms, she must provide some "link between public disclosure of plaintiff's name and the described psychological risk"; otherwise, "[t]here is simply no way to conclude that granting ...permission to proceed under [a] pseudonym[ ] will prevent [plaintiff] from having to revisit the traumatic events." *Id*. (quoting *Del Rio*, 241 F.R.D. at 161).

In *Ramsbottom*, the plaintiff had submitted a declaration in which she attested that, "in addition to the sexual abuse and exploitation she allegedly suffered at the hands of defendant," the plaintiff is also the survivor of "significant physical, emotional and sexual domestic abuse" and that "participation in this lawsuit will require her to "disclose details of [her] personal life that involve facts that are of the utmost intimacy." *Id.* at *7. The plaintiff also attested that "if her identity is disclosed, she will be re-traumatized as a survivor of child sexual abuse and trafficking, resulting in significant exacerbation of her continued suffering, with respect to which she has been and continues to undergo therapy." *Id*. (quotations omitted). The court found "these assertions to be conclusory and largely speculative." *Id*. The plaintiff provided "no details about the symptoms she experienced in the past or continues to experience and no basis for making a connection between the disclosure of her identity and the expected exacerbation of such symptoms." *Id*.

Here, Plaintiff's Pseudonym Motion included an affidavit provided by his counsel, Cory R. Miller of the firm Brewer Krause Brooks Chastain & Meisner, PLLC, which, like the Plaintiff

declaration in *Ramsbottom*, does nothing more than make conclusory and largely speculative assertions as to what would happen if Plaintiff were not afforded the privilege to litigate this case anonymously. (ECF No. 1-1 at 72-74). Specifically, Mr. Miller's affidavit echoes Plaintiff's Pseudonym Motion and states only that requiring Plaintiff to utilize his true name would "cause further anguish and distress." (*Id.*). As with the plaintiff in *Romsbottom*, Mr. Miller's affidavit provides "no details about the symptoms [Plaintiff] experienced in the past or continues to experience and no basis for making a connection between the disclosure of [his] identity and the expected exacerbation of such symptoms." *Ramsbottom*, 2021 WL 2651188, at *7. These conclusory allegations—notably supported by an affidavit from Plaintiff's attorney rather than Plaintiff himself—fall far short of the exacting standard set by the court in *Ramsbottom* and therefore do not warrant Plaintiff's use of a pseudonym.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration of State Court Order Granting Plaintiff Leave to Proceed Under Pseudonym should be granted. Defendants respectfully request that this Court effectively reconsider the State Court Order by issuing its own order denying Plaintiff leave to file under a pseudonym and requiring Plaintiff to file an Amended Complaint including his full name in compliance with Rule 10 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s Mark A. Baugh*
Mark A. Baugh (#15779)
Ryan P. Loofbourrow (#33414)
Katelyn R. Dwyer (#39090)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
mbaugh@bakerdonelson.com
rloofbourrow@bakerdonelson.com
kdwyer@bakerdonelson.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2024, a copy of the foregoing *Defendants' Memorandum in Support of Motion for Reconsideration of State Court Order Granting Plaintiff Leave to Proceed Under Pseudonym* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Cory R. Miller (#034770)
Jacob E. Moses (041637)
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
(615) 256-8787
Fax: (615) 256-8985
cmiller@bkblaw.com
jmoses@bkblaw.com

Robert Rambadadt
The Rambadadt Office
16 Madison Square West
Floor 12
New York City, NY 10010
(646) 450-8049
rrambadadt@ramba.com

Susan Kaplan
Charles Caranicas
The Kaplan Law Office
30 Wall Street
Floor 8
New York, NY 10005
(504) 586-9292
skaplan@lawkaplan.com
caranicas@lawkaplan.com

        */s Mark A. Baugh*
        Mark A. Baugh