IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PARKER POE,　　　　　　　　　　)
　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Civil Action No. 3:24-cv-368
　　　　　　　　　　　　　　　　　)　　Judge Crenshaw/Frensley
DR. MELANIE LOWE, ET AL.　　　　 )
　　Defendants.　　　　　　　　　 )

# ORDER

Before the Court is Vanderbilt University, Dr. Melanie Lowe, and Dr. Jeremy Bourgoin's (the Defendants) "Motion to Reconsider State Court Order Granting Plaintiff Leave to Proceed Under Pseudonym" (Docket No. 20) and Third-Party Intervenor Simon Roe's "Motion to Protect the Anonymity of Third-Party Simon Roe and Prohibit Further Disclosure of Roe's Identity" (Docket No. 68). For the reasons set forth below, the two motions are **GRANTED.**

## I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In the fall of 2020, Plaintiff Parker Poe enrolled as an undergraduate at Vanderbilt University.[1] Docket No. 34 at 6. Plaintiff took a leave of absence from school in April 2022, during which time he and others anonymously made and shared posts on at least two social media websites concerning Roe.[2] Some of those posts alleged that Roe had sexually assaulted women. *Id.* at 9. Roe disputed the allegations and filed a lawsuit to uncover the identities of the anonymous posters. *Id.* at 12. Poe was revealed as one of the posters. *Id.* Roe and members of his family provided this information to Vanderbilt officials who opened an investigation of Poe for apparent

---

[1] Plaintiff is proceeding pseudonymously under the name "Parker Poe," and Third-Party Intervenor Roe is proceeding pseudonymously under the name "Simon Roe."
[2] Plaintiff has used both they/them (Docket No. 35) and he/him (Docket No. 78) pronouns in briefing on the present motions. For consistency and because he/him pronouns have been used in more recent filings, the Court will use he/him pronouns to refer to Plaintiff.

violations of several provisions of the Vanderbilt Student Handbook. *Id.* at 12–17. After a nearly two-month investigation, university officials concluded that Poe had committed three violations of the Student Handbook. *See id.* at 17–40. Plaintiff was accordingly suspended from school, among other sanctions. *Id.* at 45–46. Poe's subsequent appeal of his sanctions was unsuccessful, and his suspension began in April 2023. *Id.* at 59–65.

Plaintiff filed the present complaint in Tennessee state court in March 2024 against Defendants for their actions in investigating and sanctioning Plaintiff. Docket No. 1-1. He contemporaneously filed a motion to proceed pseudonymously, which the state court granted. *Id.* at 66, 77. Defendants removed this action in April 2024 and filed the motion to reconsider shortly thereafter. Docket Nos., 1, 20. Plaintiff then filed his amended complaint wherein he made hundreds of references to Roe using Roe's legal name. Docket No. 34. The Court granted Roe's emergency motion to intervene, temporarily sealed the amended complaint, and ordered the parties to confer regarding Roe and Poe's pseudonymity. Docket No. 30. After failing to resolve the issue (Docket Nos. 42, 57), Roe filed the "Motion to Protect" (Docket No. 68), seeking to permanently seal the amended complaint and require the use of pseudonyms for references to himself and his family members for the duration of this litigation. Because both motions ask the Court to decide whether parties may proceed under a pseudonym, they will be analyzed together.

## II. LAW AND ANALYSIS

### A. Reconsidering the state-court order

After an action is removed to federal court, "[a]ll injunctions, orders, and other proceedings" entered in the state court "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Following removal, "the federal court 'takes the case up where the State court left it off.'" *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck*

2

*Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974) (quoting *Duncan v. Georgia*, 101 U.S. 810, 812 (1880)). But § 1450 does not transform state-court orders into orders of the district court. *Schuler v. Adams*, 27 F.4th 1203, 1208–09 (6th Cir. 2022). Instead, district courts "are free to reconsider" these orders as they would their own interlocutory orders. *Id.* at 1210.

Defendants urge the Court to reconsider the state-court order granting Poe leave to proceed pseudonymously. Docket No. 20-1 at 3–5. They cite Local Rule 7.01(b) and Federal Rule of Civil Procedure 54(b), arguing that the state court committed a clear error of law warranting reconsideration of the motion when the court perfunctorily granted Plaintiff's motion. *Id.* Indeed, the state-court order is bereft of legal analysis or citation to any relevant facts. *See* Docket No. 1-1 at 77–78. Plaintiff contends that the state-court order should be given deference and left undisturbed. Docket No. 35 at 2–3.

"[A] state court order entered before removal cannot bind a district court." *Hensley v. Conner*, 800 F. App'x 309, 312 (6th Cir. 2020). And reconsideration is typically justified when "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:20-CV-01023, 2022 WL 2293898, at *3 (M.D. Tenn. June 24, 2022) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Because the state-court order "did not make any express factual findings or legal conclusions," the Court "will exercise its inherent discretion to revisit the matter of whether the plaintiff should be permitted to continue to proceed under a pseudonym." *Id.*

### B. Defendant's motion to reconsider

The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a), 17(a)(1). In exceptional cases, courts may allow a plaintiff to

3

proceed under a pseudonym. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005); *see also Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d 1040, 1043 (M.D. Tenn. 2023) ("[P]seudonymity is exceptional relief."). To obtain such relief, a plaintiff must show that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004).

The Court considers several non-exhaustive factors (the *Porter* factors) when determining whether to permit plaintiffs to proceed under a pseudonym, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981) (internal quotation marks omitted)). Other relevant factors include the risk of prejudice to the defendant's right to mount a defense, the potential of psychological harm to a plaintiff subject to public identification, and whether the plaintiff might suffer harm to his reputation and economic interests. *See, e.g.*, *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *6 (M.D. Tenn. Oct. 29, 2021) (prejudice to the defendants); *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *6–8 (M.D. Tenn. June 28, 2021) (psychological injury); *Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *4 (N.D. Ohio Feb. 3, 2016) (reputational harm).

Defendants argue that none of the *Porter* factors support allowing Poe to proceed under a pseudonym. Docket No. 20-1. They contend that prosecution of this case will not force Poe to disclose matters of the "utmost intimacy," contrasting Poe's position, as the accuser, with that of someone who had suffered a sexual assault or had been accused of committing sexual assault. *Id.* at 6–8. Defendants further argue that Poe does not challenge governmental activity in suing

4

Vanderbilt and the associated defendants. Docket No. 51 at 3–4. They also point to two non-*Porter* factors, prejudice to Defendants and existing disclosure of Plaintiff's identity, in support of their position. Docket No. 20-1 at 8–13.

In response, Plaintiff argues that to successfully litigate the lawsuit, he must disclose information of the utmost intimacy, including circumstances surrounding allegations of sexual assault, the details of Plaintiff's own suicide attempt and experience with sexual assault, Plaintiff's parents' own sexual assaults, and certain records protected by the Family Educational Rights and Privacy Act (FERPA). Docket No. 35 at 5, 14–17. Plaintiff further argues that both the first and fourth *Porter* factors support pseudonymity because Vanderbilt is "a pseudogovernmental entity that provides a governmental purpose," (*Id.* at 18–19), and, although Poe is not a child, he is particularly vulnerable given his young age (*Id.* at 17–18). He finally points to several non-*Porter* factors in support of his request for pseudonymity.

Defendants' arguments regarding the *Porter* factors are more persuasive. First, Poe "is not suing to challenge governmental activity; he is suing a private university" and employees of that university. *Doe v. Vanderbilt Univ.*, No. 3:20-CV-00356, 2021 WL 6496833, at *1 (M.D. Tenn. Mar. 11, 2021). Plaintiff is not "seek[ing] to have a have a law or regulation declared invalid" but is "merely challenging how [Vanderbilt] applied its policies and handled the" investigation against him. *Doe v. Ky. Cmty. & Tech. Coll. Sys.*, No. CV 20-6-DLB, 2020 WL 998809, at *2 (E.D. Ky. Mar. 2, 2020) (quoting *K.G. v. Bd. of Educ. of Woodford Cnty.*, No. 5:18-CV-555-JMH, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019)). The first *Porter* factor therefore clearly weighs against allowing Plaintiff to proceed pseudonymously.

Second, Plaintiff will not be compelled to disclose information of the utmost intimacy. Courts in this circuit have routinely found that cases involving allegations of sexual assault compel

such disclosure and have granted pseudonymity to both victims of sexual assault, *see, e.g.*, *Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021); *Fedex*, 2021 WL 5041286, at *9; *Doe v. Dabbagh*, No. 15-CV-10724, 2015 WL 13806540, at *2 (E.D. Mich. May 28, 2015), and those accused of sexual assault, *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 658 n.1 (M.D. Tenn. 2018); *Doe v. Kenyon Coll.*, No. 2:20-CV-4972, 2020 WL 11885928, at *2 (S.D. Ohio Sept. 24, 2020); *Doe v. Univ. of the S.*, No. 4:09-CV-62, 2011 WL 13187184, at *19 (E.D. Tenn. July 8, 2011). Plaintiffs whose claims compel the disclosure of a history of suicidal ideation and self-harm have also been granted pseudonymity. *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021). But whether information is of the utmost intimacy should be "construed narrowly" given the preference for open judicial proceedings. *Kaltenbach v. Hilliard City Schs.*, No. 2:23-CV-187, 2023 WL 3023020, at *1 (S.D. Ohio Apr. 20, 2023).

Because Plaintiff's claims stem from an allegedly flawed student-misconduct investigation, not from allegations of sexual assault, Plaintiff is not compelled to disclose matters of the utmost intimacy. Indeed, Plaintiff is neither the victim nor the accused; he is the accuser. And Plaintiff has failed to identify a single case where a similarly situated accuser has been permitted to proceed pseudonymously. While Plaintiff has disclosed information concerning highly sensitive and personal subjects, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Metro. Gov't of Nashville*, 694 F. Supp. 3d at 1045 (quoting *Fedex*, 2021 WL 5041286, at *5). Should Plaintiff wish to prevent the disclosure of sensitive information or FERPA-protected documents, he can seek a protective order or redaction. *See Ramsbottom*, 2021 WL 2651188, at *3 (discussing other tools to protect information short of pseudonymity).

The final two *Porter* factors also cut against Plaintiff proceeding under a pseudonym.

6

Although Plaintiff is a young adult, he is not a child now, nor was he at the time that the relevant facts occurred. *Cf. Doe ex rel. Doe v. St. Edward High Sch.*, No. 22-CV-440, 2022 WL 2717018, at *3 (N.D. Ohio July 13, 2022) (holding that the fourth *Porter* factor still supported pseudonymity for an adult when the factual basis for the claims occurred while the plaintiff was a child). And in bringing his claims Plaintiff is not compelled to disclose an intention to violate the law. On balance, none of the four *Porter* factors support Plaintiff proceeding under a pseudonym.

The *Porter* factors are non-exhaustive, and Plaintiff makes several additional arguments in seeking to proceed pseudonymously. *See Metro. Gov't of Nashville*, 694 F. Supp. 3d at 1043. He contends that public identification would likely result in social and professional stigma as well as psychological trauma. Docket No. 35 at 9–15. Plaintiff further highlights the lack of public interest in forcing him to proceed under his true name (*Id.* at 20), and the need for discretion given his claim brought under Section 504 of the Americans with Disabilities Act (*Id.* at 21). For their part, Defendants also argue that permitting Poe to proceed pseudonymously would prejudice Defendants in conducting discovery (Docket No. 20-1 at 10–11), and they note that Poe is presently proceeding under his true identity in a related state-court proceeding where his motion to proceed pseudonymously was denied (*Id.* at 8–10; *see also* Docket No. 69-1 (state-court order denying motion to proceed under a pseudonym)). As with the *Porter* factors, none of these additional considerations support allowing Plaintiff to proceed pseudonymously.

Poe argued in his state-court motion that if required to reveal his true identity he would "suffer additional mental, emotional, and psychological harm." Docket No. 1-1 at 68. In support of that assertion, Poe attached an affidavit from his attorney attesting that disclosure of Poe's name would "cause further anguish and distress." *Id.* at 73. Although "psychological harm to the plaintiff is the type of injury that could justify permitting [him] to proceed under a pseudonym, . .

7

. plaintiffs alleging mental harm in this type of situation must 'base their allegations . . . on more than just mere speculation.'" *Ramsbottom*, 2021 WL 2651188, at *6 (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021)). Poe has not provided any evidence for such harm beyond unsupported and conclusory statements. This additional consideration accordingly does not support Poe proceeding by pseudonym.

Plaintiff's concern for his professional reputation and potential future economic injury is also too speculative and unsupported to permit pseudonymity. Other courts in this circuit have concluded that the potential for scrutiny from "future employers is *not sufficient* to require the use of pseudonyms." *Ky. Cmty. & Tech. Coll. Sys.*, 2020 WL 998809, at *3 (emphasis in original). "[C]oncerns about . . . economic harm and scrutiny from current or prospective employers do not involve information 'of the utmost intimacy'; rather, they constitute the type of concerns harbored by other similarly situated" individuals who file lawsuits against universities under their real names. *Doe v. Univ. of Pittsburgh*, No. 1:17-CV-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018); *see also, e.g.*, *Endres v. Ne. Ohio Med. Univ.*, 938 F.3d 281, 285 (6th Cir. 2019) (plaintiff proceeding under his real name and challenging suspension for academic dishonesty); *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 559–60 (6th Cir. 2011) (plaintiff proceeding under his real name and challenging suspension for physical altercation). This consideration therefore does not support Plaintiff's request for pseudonymity. *See also D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) ("As for potential negative scrutiny from future employers, [Plaintiff], . . . forfeited his ability to keep secret his actions . . . when he sued . . . .") (internal quotation marks omitted).

Additionally, Plaintiff's true identity has been revealed in state-court proceedings stemming from the same basic set of facts, further undercutting his argument that disclosure of his

name in the present case would exacerbate the threat of personal and professional stigma. *See* Docket No. 69-1. Plaintiff contends, however, that the state-court proceedings and the present case are so factually dissimilar that the state-court's denial of Plaintiff's motion to proceed by pseudonym is irrelevant to the Court's consideration of the present motion. Docket No. 35 at 22.

Although Plaintiff has alleged new facts in the present case, his claims arise from the same conduct that the associated state-court proceeding is based on. Following Plaintiff's social media posts in which he identified Roe as an assaulter, Roe initiated the state-court proceeding to uncover the identity of the anonymous poster. Docket No. 34 at 12. Roe discovered that Poe was responsible for some of the posts, turned that information over to Vanderbilt, and Vanderbilt then began its investigation of Poe's alleged misconduct. *Id.* at 12–17. All of the claims in the present case stem from the actions of Defendants during the course of that investigation.

Furthermore, as Defendants rightly note, the state court grappled with Plaintiff's request for a pseudonym. The state court denied Plaintiff leave to proceed pseudonymously, holding that the defamation claims against him, were much less severe than the claims of sexual assault and rape levied against Roe. Docket No. 69-1 at 3. Accordingly, the state court concluded that Plaintiff lacked the same risk to his reputation that Roe faced if either party proceeded under their true name. *Id.* The same is true here. Because Plaintiff's name appears in a related state-court proceeding and is available to the public through a docket search, his argument to remain shielded by pseudonymity is further weakened. *See, e.g.*, *Doe v. Univ. of Louisville*, No. 3:17-CV-00638-RGJ, 2018 WL 3313019, at *3 (W.D. Ky. July 5, 2018) (declining to permit pseudonymity to a plaintiff in a civil case whose name appeared in the public, associated criminal case); *Doe v. Gerken*, No. 3:21CV01525(SALM), 2022 WL 167914, at *3 (D. Conn. Jan. 18, 2022) (quoting *Doe v. Zinsou*, No. 19 CIV. 7025 (ER), 2019 WL 3564582, at *6 (S.D.N.Y. Aug. 6,

9

2019)) ("A plaintiff's interest in anonymity is weakened where anonymity has already been compromised.").

Plaintiff also argues that he should proceed pseudonymously simply because he has brought a claim pursuant to the Section 504 of the Americans with Disabilities Act (ADA). Docket No. 35 at 21. True enough, in *Doe v. Metropolitan Government of Nashville and Davidson County*, this court permitted a plaintiff, who brought an ADA claim, to proceed pseudonymously. 694 F. Supp. 3d at 1043–46. The plaintiff in that case alleged that he had been denied employment because of his HIV positive status and sought relief under the ADA. *Id.* at 1043. The court weighed the *Porter* factors, and other considerations, holding that granting pseudonymity to the plaintiff was "a close call," but the balance of the relevant considerations tipped in favor of allowing the plaintiff to proceed under a pseudonym. *Id.* at 1046. In the present case, no *Porter* factor or other consideration supports Plaintiff's request. Granting pseudonymity solely on the grounds that Plaintiff has raised an ADA contravenes the balancing approach articulated in *Porter* and would disrupt how complaints are typically filed in cases alleging ADA violations. *See, e.g.*, *Root v. Decorative Paint, Inc.*, No. 23-3404, 2024 WL 4024426, at *1 (6th Cir. Sept. 3, 2024) (plaintiff appealing denial of her ADA claim in her true name) *Milam v. ASCAP*, No. 3:23-CV-00238, 2024 WL 3639611, at *1 (M.D. Tenn. Aug. 1, 2024) (plaintiff brining an ADA claim in his true name).

The final factor that the parties ask the Court to consider in determining whether Plaintiff should proceed pseudonymously is whether pseudonymity would prejudice Defendants. Docket No. 20-1 at 10–11; Docket No. 35 at 8–9, 19–20; Docket No. 51 at 5. Courts addressing prejudice to defendants "have examined 'difficulties in conducting discovery,' the 'reputational damage to defendants,' and the 'fundamental fairness of proceeding anonymously,' among other

considerations." *Ramsbottom*, 2021 WL 2651188, at *5 (quoting *Rapp*, 537 F. Supp. 3d at 531).

Defendants argue that Plaintiff's pseudonymity would create problems in Defendants' ability to conduct discovery and could bar some potential witnesses from coming forward. Docket No. 20-1 at 11. Plaintiff responds that Defendants know Plaintiff's true identity and are therefore not burdened in conducting discovery. Docket No. 35 at 19. Poe is correct that Defendants know Plaintiff's identity and will therefore have less trouble subpoenaing Plaintiff or deposing him. But "keeping [Plaintiff]'s identity confidential while the defendants' is known . . . prejudices the . . . defendants, [and] hinder[s] 'the judicial interest in accurate fact-finding and fair adjudication.'" *Ramsbottom*, 2021 WL 2651188, at *5 (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)). Defendants would be at a disadvantage "at all stages of litigation," having "less leverage in settlement negotiations" and less "ability to fully and adequately cross-examine" Plaintiff, among other hurdles. *Id.* at *6. For these reasons, the Court determines that allowing Plaintiff to proceed pseudonymously would unfairly prejudice Defendants.

Considering each *Porter* factor and the other considerations articulated above, Plaintiff should not be permitted to proceed under a pseudonym. Plaintiff is not a child, is not challenging governmental activity, is not compelled to disclose information of the utmost intimacy, and is not compelled to disclose an intention to violate the law. Furthermore, Plaintiff's true identity has already been revealed in an associated state-court proceeding thus dispelling much of the speculative risk that Plaintiff alleges he will face if his name is made public in the present case. For these reasons, Plaintiff has failed to provide sufficient justification to show that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F. 3d at 560. Defendant's Motion (Docket No. 20) is hereby **GRANTED**, and Plaintiff Parker Poe is ordered to proceed under his true name.

### C. Third-party intervenor's motion to seal

The Court now turns to Third-Party Intervenor Simon Roe's motion to seal the amended complaint and proceed pseudonymously. Docket No. 68. Roe notes that Plaintiff used the pseudonym "Simon Roe" to refer to Roe in the original complaint (Docket No. 1-1), but in filing the amended complaint, Plaintiff used Roe's true name (Docket No. 34). Roe thus requests that the amended complaint be permanently sealed and that any reference to him or his family be made pseudonymously for the duration of this litigation. Docket No. 68. Relying on the *Porter* factors, Plaintiff responds that he does not oppose pseudonymity for Roe, but he does oppose permanently sealing the amended complaint and pseudonymity for Roe's family members. Docket No. 78 at 3. Defendants, for their part, moved for leave to respond to Roe's motion. Docket No. 80. Although their motion is still pending, they filed their response and take no stance on Roe's pseudonymity request, but further contest Poe's. Docket No. 82. There are, therefore, three issues stemming from the present motion that the Court will address: (1) whether to permit Roe to proceed pseudonymously, (2) whether to permit Roe's family members to proceed pseudonymously, and (3) whether to permanently seal the amended complaint. For the reasons discussed below, the Court resolves each issue in the affirmative.

The *Porter* factors are generally applied to requests for plaintiffs to proceed pseudonymously. *See Porter*, 370 F.3d at 560 ("Several considerations determine whether a *plaintiff's* privacy interests substantially outweigh the presumption of open judicial proceedings.") (emphasis added). But some courts in this circuit have applied these factors to parties seeking to intervene. *See, e.g.*, *Bd. of Educ. of the Highland Loc. Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016). Even though no party opposes pseudonymity for Roe, because it is "exceptional relief, the Court finds it appropriate to consider

[Roe]'s request independent of the lack of opposition by" the parties. *Metro. Gov't of Nashville*, 694 F. Supp. 3d at 1043.

Only the second *Porter* factor supports Roe proceeding pseudonymously. Roe has been accused of sexual assault, a "personal matter 'of the utmost intimacy.'" *Univ. of the S.*, 2011 WL 13187184, at *18; *see also Vanderbilt Univ.*, 355 F. Supp. 3d at 658 (allowing pseudonymity for a plaintiff accused of sexual misconduct). He is a third party who is "not responsible for the initiation of the underlying litigation," and accordingly "possesses a justified expectation of privacy that [his] name . . . not be revealed to the public." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir. 1983). Being named in Plaintiff's amended complaint has compelled Roe, a third party, to disclose matters of the utmost intimacy. The Court therefore holds that Roe's privacy interests are substantial enough to afford him pseudonymity.

The same is true for Roe's father and family. They are all third parties who have been thrust into this litigation and deanonymized by Plaintiff's amendments to his complaint. But none of Roe's family is accused of sexual assault, and none are compelled to reveal matters of the utmost intimacy. Still, identifying Roe's family members by their real name would destroy the anonymity afforded to Roe. Whether to prohibit the disclosure of the true names of family members of third-party intervenors granted pseudonymity is a question infrequently before the Court. There is precedent in some courts in this circuit to pseudonymize minor plaintiffs and their family members. *See, e.g.*, *Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d at 1026–28 (granting pseudonymity to parent-plaintiffs and their minor child); *Bd. of Educ. of the Highland Loc. Sch. Dist.*, 2016 WL 4269080, at *5 (same); *see also* Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1373–75, 1400–01 (2022) (discussing cases where courts have and have not granted pseudonymity to family members of pseudonymous plaintiffs).

13

The same logic of these cases applies here. Thus, to guarantee protection of Roe's privacy interests in the present case, the Court holds that all references to Roe's family members should be made without identifying their true identities. To hold otherwise would circumvent any protections afforded to Roe by his pseudonym.

The final issue raised in Roe's motion is whether the amended complaint in which he is identified by his true name should be permanently sealed. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474. Still, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). The party seeking to seal court records thus has a heavy burden in seeking to overcome the "strong presumption in favor openness." *Id.* at 1179. "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 476). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.*

Roe argues for sealing the amended complaint by pointing to the state-court order that granted him pseudonymity. Docket No. 69 at 8 (citing Docket No. 69-1 at 2–3). Poe argues simply that he "oppose[s] the request that [Roe] and his family's name be permanently sealed" without further elaboration or citation to relevant legal authority. The state court's order granting Roe pseudonymity primarily grappled with the *Porter* factors. In doing so, the court held that requiring Roe to proceed under his true name would require him "to reveal information of the utmost intimacy as it would make public the fact that [Roe] had been accused of two abhorrent crimes,

14

rape and sexual assault." Docket No. 69-1 at 2. That same rationale applies in the present case and supports both granting Roe pseudonymity and sealing the amended complaint where his identity is revealed. If the amended complaint is unsealed and made available to the public, Roe's true identity would be exposed, effectively voiding the Court's order granting Roe's request for pseudonymity. Furthermore, the Sixth Circuit has made clear that "third parties who were not responsible for the initiation of the underlying litigation . . . possess[] a justifiable expectation of privacy that their names and financial records [will] not be revealed to the public." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 477.

The Court therefore holds that the amended complaint shall be placed under permanent seal in order to protect the pseudonymity of Roe. Plaintiff is ordered to refile his amended complaint with all references to Roe and his father pseudonymized.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff Parker Poe cannot meet the legal standard required to proceed under a pseudonym. Accordingly, Defendants' Motion (Docket No. 20) is **GRANTED**. The Court will stay this Order for fourteen (14) days pending any motion to review under L.R. 72.01(b). If timely review is sought, this stay will remain in place pending further order by Judge Crenshaw. If no timely review is sought, the Court will enter an order directing that this case proceed under Poe's true name.

Furthermore, the Court finds compelling reasons to protect Third-Party Intervenor Simon Roe's identity. Therefore, Roe's Motion (Docket No. 68) is **GRANTED**, and he may proceed in this action under the pseudonym "Simon Roe." All parties shall pseudonymize all further references to Roe and his family members. The Clerk of Court is directed to place the Amended Complaint (Docket Nos. 25-1, 34) under permanent seal.

15

Within **FOURTEEN (14) DAYS** of entry of this Order, Poe **MUST** file a revised Amended Complaint in compliance with the Court's findings above.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**