IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PARKER POE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-00368 |
| | ) | |
| v. | ) | Judge Crenshaw |
| | ) | Magistrate Judge Frensley |
| VANDERBILT UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**

In accordance with Federal Rule of Civil Procedure 72 and Local Rule 72.01(b), Defendants Vanderbilt University, Dr. Jeremy Bourgoin, Neil Jamerson, Lisa Clapper, and Dr. Jamie Bojarski (collectively, "Defendants") hereby respond in opposition to Plaintiff's Motion for Review of Nondispositive Order of Magistrate Judge (ECF. No. 99).

The Magistrate Judge's Order finding that Plaintiff is not entitled to the extraordinary remedy of proceeding under a pseudonym because his privacy interests do not substantially outweigh the presumption of open judicial proceedings is not clearly erroneous or contrary to law. The Magistrate Judge correctly found that Plaintiff's prosecution of his claims will not compel him to disclose matters of the utmost intimacy. Additionally, while Plaintiff failed to make specific objections to the Magistrate Judge's analysis of the other factors relevant to Plaintiff's request to proceed under a pseudonym, the Magistrate Judge's analysis was nonetheless well-reasoned and consistent with well-established authority. As a result, the Court should overrule Plaintiff's objections to the Magistrate Judge's Order, deny Plaintiff's Motion for Review, and adopt the Magistrate Judge's Order in its entirety.

I.   BACKGROUND

Plaintiff initiated this action on March 6, 2024, when he filed a complaint styled *Parker Poe v. Dr. Melanie Lowe, in her individual and official capacity, Dr. Jeremy Bourgoin, in his individual and official capacity, and Vanderbilt University* in the First Circuit Court for Davidson County Tennessee, Case No. 24C548 ("Complaint"). (ECF No. 1-1). The Complaint included claims against Dr. Melanie Lowe,[1] Dr. Jeremy Bourgoin, and Vanderbilt University arising out of Plaintiff's suspension from Vanderbilt University. Contemporaneously with the Complaint, Plaintiff filed a Motion to Proceed Under Pseudonym ("Pseudonym Motion") wherein he argued that he should be permitted to proceed under the pseudonym "Parker Poe," because of the "private, sensitive, and highly personal nature of the allegations contained in the Complaint," the potential harm if his name were disclosed, the presence of educational records protected by FERPA, and "the minimal public interest in learning plaintiff's identity." (ECF No. 1-1 at 66-71). The Circuit Court granted Plaintiff's Pseudonym Motion on the same day it was filed—before Defendants were served with the State Court Complaint and before Defendants had a chance to respond to Plaintiff's Pseudonym Motion. (*Id.* at 77).

Defendants removed the action to this Court on April 1, 2024 (ECF No. 1), and the Order granting Plaintiff's Pseudonym Motion remained in effect under 28 U.S.C. § 1450. Shortly thereafter, Defendants filed their Motion to Reconsider State Court Order Granting Plaintiff Leave to Proceed Under Pseudonym wherein they argued that Plaintiff's allegations in this case do not entitle him to the exceptional relief of proceeding under a pseudonym ("Defendants' Pseudonym Removal Motion"). (ECF No. 20). On the same day that Plaintiff filed his opposition to

---

[1] This court subsequently dismissed Dr. Melanie Lowe as a Defendant in this matter. (ECF No. 98).

Defendants' Pseudonym Removal Motion (ECF No. 35), Plaintiff also filed his First Amended Complaint, which included additional claims and added several Defendants, including Neil Jamerson, Lisa Clapper, Dr. Jamie Bojarski, and Dr. Cynthia Paschal.[2]

On November 1, 2024, Magistrate Judge Frensley issued an Order granting Defendants' Pseudonym Removal Motion ("Order"), holding that "Plaintiff has failed to provide sufficient justification to show that his 'privacy interests substantially outweigh the presumption of open judicial proceedings.'" (ECF No. 93 at 11 (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004))). Specifically, Magistrate Judge Frensley held that Plaintiff's prosecution of his claims does not compel him to disclose matters of the utmost intimacy and that his other arguments for pseudonymity (i.e., potential psychological harm, concern for his professional reputation and potential future economic injury, inclusion of an ADA claim, etc.) were not persuasive. (*See id.* at 6, 8, and 10). Magistrate Frensley further held that Defendants would be "disadvantage[ed] 'at all stages of litigation'" should Plaintiff be permitted to proceed under a pseudonym. (*Id.* at 10 (quoting *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *6 (M.D. Tenn. June 28, 2021))).

Plaintiff filed his Motion for Review of Nondispositive Order of Magistrate on November 15, 2024 ("Plaintiff's Motion"), wherein he argues that Magistrate Judge Frensley "misapplied the case law and facts" with regard to his ability to proceed under a pseudonym. (ECF No. 99 at 1). For the reasons set forth herein, Plaintiff's arguments are without merit, and his Motion should be denied.

---

[2] Dr. Cynthia Paschal has subsequently been dismissed as a Defendant in this matter. (ECF No. 98).

## II. LAW AND ARGUMENT

When a party timely files objections to a magistrate judge's opinion and order concerning a non-dispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *See Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-CV-00433, 2019 WL 3003647, at *1 (M.D. Tenn. Apr. 19, 2019). "These standards of review are both deferential." *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2018 WL 4006782, at *1 (E.D. Tenn. Aug. 22, 2018).

"A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991) (overruled on other grounds). Under the "contrary to law" standard, "should the court determine on plenary review that the decision of the magistrate judge ignores or contradicts the law, or governing Rules of Civil Procedure, it should be rejected." *Nathan v. Ohio State Univ.*, 2013 WL 139874, at * 1 (S.D. Ohio Jan. 10, 2013); *Hood v. Midwest Sav. Bank*, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (a magistrate judge's decision is contrary to law "if the magistrate has misinterpreted or misapplied applicable law.").

### A. By making improper general objections, Plaintiff has waived his right to object to certain aspects of the Magistrate Judge's order.

At the outset, Plaintiff's Motion contains improper general, non-specific objections to portions of the Magistrate Judge's Order. When making objections to a magistrate's nondispositive order, "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely." *McCready v.*

4

*Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). Similarly, "'[I]f the objections merely restate the party's arguments [that was] previously addressed by the magistrate judge, the Court may deem the objections waived.'" *Reed v. Young Ho Kim*, No. 3:18-CV-00819, 2020 WL 1443739, at *2 (M.D. Tenn. Mar. 25, 2020) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)). The Sixth Circuit detailed the judicial inefficiency that arises when the same arguments are advanced in a motion for review, noting that "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

As detailed throughout this Response, Plaintiff's Motion fails to identify specific defects in the Order in favor of making general objections to the conclusion reached by the Magistrate Judge. Plaintiff also repeats his arguments made in prior briefing. Both of these tactics are impermissible, and the Court should deem Plaintiff's purported objections to those particular portions of the Order waived.

**B. Magistrate Judge Frensley's conclusion that Plaintiff's prosecution of his claims would not compel him to disclose matters of the utmost intimacy is not contrary to law.**

Plaintiff argues that Magistrate Judge Frensley "misapplied the second *Porter* factor to require that the cause of action involve sexual assault when in reality it requires an analysis of

whether prosecution of the claims requires disclosure of the utmost intimacy." (ECF No. 99-1 at 4).[3] Plaintiff's argument is flawed for multiple reasons.

First, Plaintiff's argument is based on a stilted reading of the Order. As Defendants argued in their Pseudonym Removal Motion, this case does not center on Plaintiff being a victim of sexual assault or being accused of sexual assault—both categories of cases which generally warrant the use of pseudonyms. (ECF No. 20 at 7). Rather, Plaintiff's claims arise out of his suspension from Vanderbilt based on his online postings about another student that violated provisions of Vanderbilt's Student Handbook. Plaintiff attempts to inject the issue of sexual assault into this case by arguing that his actions can be explained because he and his parents are sexual assault survivors. (ECF No. 99-1 at 3). Even if true, those facts do not form the basis of Plaintiff's claims—a conclusion that Magistrate Judge Frensley reached in his Order: "Because Plaintiff's claims stem from an allegedly flawed student-misconduct investigation, not from allegations of sexual assault, Plaintiff is not compelled to disclose matters of the utmost intimacy. Indeed, Plaintiff is neither the victim nor the accused; he is the accuser." (ECF No. 93 at 6).

The Order did not "misapply" the second Porter factor to "require" that a matter "involve sexual assault," in order to be of the utmost intimacy as Plaintiff contends. (ECF No. 99-1 at 4). Rather, the Order evaluated Plaintiff's argument that he would be compelled to disclose matters of the utmost intimacy because his defense rests partially on being a sexual assault survivor, holding that Plaintiff's claims did not stem from allegations of sexual assault, but rather stem from an allegedly flawed student misconduct investigation. (*Id.*). Said another way, the Order did not

---

[3] As detailed herein, Plaintiff only objected to portions of the Magistrate Judge's multi-factor analysis. The portions of the Order to which Plaintiff did not object should be upheld and the Magistrate Judge's reasoning adopted in any resulting multi-factor analysis undertaken by the District Court.

6

4916-0767-4112v3
2938951-000003 11/27/2024
Case 3:24-cv-00368    Document 103    Filed 11/27/24    Page 6 of 14 PageID #: 1425

*require* that a case stem from allegations of sexual assault in order to involve matters of the utmost intimacy. Rather, upon a fair reading of the Order, Magistrate Judge Frensley's logic is clear: this Plaintiff's case does not center on the issue of sexual assault and therefore does not compel disclosure of matters of the utmost intimacy. (*Id.*).

Second, the Order also notes that "Plaintiff has failed to identify a single case where a similarly situated accuser has been permitted to proceed pseudonymously," and Plaintiff's attempt to rebut that point falls flat. (*Id.*). Plaintiff's Motion confidently states that "the following cases … all involved claims stemming from a flawed student-misconduct investigation and were not claims of sexual assault; nonetheless, courts within this circuit permitted use of pseudonyms under the second Porter factor," and goes on to cite four cases. (ECF No. 99-1 at 3-4). Unfortunately for Plaintiff, all four of the cited cases *do* involve claims of sexual assault and therefore do not support his argument.

In three of the cases, a student accused of sexual misconduct sued their college or university based on how the college or university handled the sexual misconduct investigation. Yes, these cases involved "flawed student-misconduct investigation[s]," but the student misconduct at issue was alleged *sexual* misconduct. *See Doe v. Baum*, 903 F.3d 575, 579 (6th Cir. 2018) (Doe alleged that the university's disciplinary proceedings based on a sexual misconduct complaint made against him violated the Due Process Clause and Title IX); *Doe v. Miami Univ.*, 882 F.3d 579, 584 (6th Cir. 2018) (after being suspended for violating the university's sexual-assault policy, Doe brought suit for a violation of his Due Process rights and Title IX); *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 886 (M.D. Tenn. 2018) (Doe made multiple claims against the university arising out of its investigation of accusations of sexual misconduct made against him by a female student). In the fourth case, a female student sued her college alleging that her professor filed a sham

7

academic misconduct complaint against her in retaliation for her confronting the professor about his inappropriate sexual behavior directed toward her. *See Doe v. Rhodes Coll.*, No. 216CV02308JTFTMP, 2016 WL 11611619, at *4 (W.D. Tenn. Oct. 25, 2016). Again, while this case did involve a "flawed student-misconduct investigation," it was brought by an alleged victim of sexual misconduct at the hands of a college professor. *See id.* These cases involve plaintiffs in a fundamentally different situation than the Plaintiff in this action. Again, as Magistrate Judge Frensley stated: "Plaintiff is neither the victim nor the accused; he is the accuser." (ECF No. 93 at 6).

Lastly, Plaintiff's attempt to diminish the Order's proposal of alternate remedies to protect Plaintiff's allegedly intimate information is unconvincing. The Order aptly points out that Plaintiff's privacy related to the disclosure of the two facts at issue (i.e., Plaintiff's status as a sexual assault survivor and Plaintiff's suicide attempt) could be protected through the use of certain methods other than use of a pseudonym, including a protective order and redaction. (*Id.*). Plaintiff attempts to diminish the potential efficacy of these suggestions by citing to a wholly unrelated case (coincidentally also involving Vanderbilt) wherein the Magistrate Judge allegedly denied the use of pseudonym and denied a motion to seal. (ECF No. 99-1 at 4). Plaintiff makes no attempt to analogize the facts of the cited case to the facts in the present case. (*Id.*). Plaintiff's argument is therefore left without support, and he advances no legitimate reason(s) as to why redaction, a protective order, or some other mechanism could not be used to protect his alleged privacy interests.

In light of the foregoing, the Order's holding that Plaintiff's prosecution of his claims would not compel him to disclose information of the utmost intimacy is well-reasoned, consistent with applicable authority, and not "contrary to law."

**C. Plaintiff did not object to specific findings with regard to Magistrate Judge Frensley's analysis of the other, non-*Porter* factors cited by Plaintiff, and his analysis is not contrary to law.**

Plaintiff's Motion also argues that "additional factors also support allowing plaintiff to proceed using a pseudonym." (ECF No. 99-1 at 5). But rather than make objections to specific portions of the Magistrate Judge's Order, Plaintiff uses this portion of his brief to restate arguments from his earlier briefing. These arguments are not proper and nonetheless unpersuasive.

   *a. Psychological harm*

As he previously argued in his opposition to Defendants' Pseudonym Removal Motion, Plaintiff argues that the potential for psychological harm warrants his use of a pseudonym. (ECF No. 99-1 at 5-6). Specifically, Plaintiff asks the Court to "consider as an additional factor for allowing him to use pseudonyms the psychological harm he has and will continue to suffer." (*Id.* at 6). But Plaintiff already made this argument, and the Magistrate Judge found it not well taken. Indeed, while Plaintiff's Motion acknowledges that "the Order recognized that this factor may require granting pseudonymity but found the affidavit Plaintiff's counsel submitted in the state court proceeding to be too speculative," it notably makes <u>no objection</u> to that finding. (*Id.* at 5-6). Rather, apparently recognizing that the first affidavit was not enough, Plaintiff seeks to rely on new evidence to bolster his psychological harm argument.

Plaintiffs' new evidence should not be considered for the reasons set forth in Defendants' Response in Opposition to Plaintiff's Motion for Leave to Submit Additional Evidence filed

9

contemporaneously with this Response in Opposition.[4] Further, even Plaintiff's new evidence were considered by this Court (which it should not be), psychological harm is but <u>one</u> of factors that a Court can—and the Magistrate Judge *did*—consider in evaluating whether a Plaintiff's privacy interests "substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d at 560. Affidavits created and provided by Plaintiff only *after* the Magistrate Judge pointed out specific flaws in the first affidavit should not serve as a basis to overcome all of the other factors detailed herein and in the Order that otherwise combine to fail to substantially outweigh the presumption of open judicial proceedings. No one factor is dispositive, and "the factors are merely 'one piece of the puzzle,' which are used to aid courts in determining whether a plaintiff has met his or her burden in demonstrating that the need for anonymity substantially outweighs the presumption that a party's identity is public information." *Doe #11 v. Lee*, No. 3:22-CV-00338, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023). Accordingly, Plaintiff's new evidence, even if considered, does not and should not move the needle to overcome the otherwise well-reasoned and well-supported conclusion reached by the Magistrate Judge.

  b. *Professional reputation and economic injury*

Plaintiff's argument regarding the Magistrate Judge's analysis of the impact of the potential harm to Plaintiff's professional reputation and economic injury is difficult to decipher and fails to make a specific objection to the Magistrate Judge's findings. The Order stated that "Plaintiff's

---

[4] Plaintiff filed a separate Motion for Leave to Submit Additional Evidence wherein he moved "for leave to submit as additional information in support of his Motion for Review of Non-Dispositive Order of Magistrate Judge (Doc #99) declarations from him and his mother, which were attached as Exhibits A & B to the Memorandum in Support (Doc. #99-2&3)." (ECF No. 101 at 1). Defendants oppose Plaintiff's Motion for Leave and address the reasons why Plaintiff's additional evidence should not be considered in their Response in Opposition to Plaintiffs' Motion for Leave, filed contemporaneously herewith. Defendants' arguments made in that Response are incorporated herein.

concern for his professional reputation and potential future economic injury is also too speculative and unsupported to permit pseudonymity," and went on to cite several Sixth Circuit cases supporting the conclusion that potential for scrutiny from "future employers *is not sufficient* to require the use of pseudonyms." (ECF No. 93 at 8 (quoting *Ky. Cmty. & Tech. Coll. Sys.*, 2020 WL 998809, at *3 (emphasis in original))). Plaintiff does not take specific issue with this line of cases or the Magistrate Judge's reliance upon them. (ECF No. 99-1 at 6). Rather, Plaintiff argues that "the harm to professional reputation and potential economic injury should be considered specific to Plaintiff, who is at the age in which one's career is just beginning, in a highly competitive field." (*Id.*).

Plaintiff does not allege that the Magistrate Judge erred or that his analysis was flawed in some way (such as by failing to consider Plaintiff's particular age and circumstances). (*Id.*). In fact, Magistrate Judge Frensley did exactly that—several of the cases cited in the Order involved students "at the age in which one's career is just beginning." (ECF No. 93 at 8). Rather, Plaintiff's argument on this topic is nothing more than a rehashing of arguments made in Plaintiff's prior briefing. (*See* ECF No. 35 at 10-14). This type of general, non-specific "objection" is impermissible and should be considered the equivalent of failing to object entirely. *See McCready*, 113 F. App'x at 49. And even if Plaintiff <u>did</u> make a specific objection to the Order (which he did not), the Magistrate Judge's finding was not contrary to law because it is supported by several factually similar cases. (ECF No. 93 at 8). Plaintiff's "objections" to this portion of the Order are therefore without merit and should be overruled.

### c. *Prejudice to defendants*

Plaintiff's argument regarding the alleged "lack of prejudice to Defendants" is similarly flawed. Rather than make specific objections to the Order, Plaintiff once again regurgitates prior

arguments and generally advocates for a position that was already considered and ruled on by the Magistrate Judge. (ECF No. 99-1 at 7-8). Specifically, Plaintiff argues that "the lack of actual harm to Defendants also weighs in favor of allowing Plaintiff to use a pseudonym." (*Id.* at 8). This argument was considered and rejected by the Magistrate Judge: "Poe is correct that Defendants know Plaintiff's identity and will therefore have less trouble subpoenaing Plaintiff or deposing him. But 'keeping [Plaintiff]'s identity confidential while the defendants' is known . . . prejudices the . . . defendants, [and] hinder[s] the judicial interest in accurate fact-finding and fair adjudication.'" (ECF No. 93 at 11 (quoting *Ramsbottom*, 2021 WL 2651188, at *5)).

Plaintiff does not make a specific objection regarding the reasoning behind this conclusion from the Magistrate Judge but instead argues that Defendants' identification of multiple witnesses and categories of documents in its Rule 26 initial disclosures somehow "support[s] Plaintiff's contention that [Defendants] will not be prejudiced in discovery if Plaintiff proceeds under a pseudonym." (ECF No. 99-1 at 7). Similar to Plaintiff's other attempts to take a second bite of the apple and rehash prior positions, this argument is improper and should be considered a failure to object. *See Reed v. Young Ho Kim*, 2020 WL 1443739, at *2. Further, even if it could be considered, Plaintiff's argument makes little sense. Initial disclosures require a party to identify individuals and documents <u>known to them</u>. *See* Fed. R. Civ. P. 26(a)(1)(A). A party's initial disclosures therefore do not constitute the entire universe of relevant individuals and documents as Plaintiff's Motion implies. (ECF No. 99-1 at 7-8). The fact that Defendants identified 15 individuals and certain documents within their possession does not mean that there are not additional witnesses and documents that still need to be discovered. It is this type of discovery (as well as potential difficulties with settlement and witness examination) that the Magistrate Judge

noted would "unfairly prejudice Defendants." (ECF No. 93 at 11). Once again, Plaintiff's arguments are without merit and his "objections" to this portion of the Order should overruled.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's objections to the Magistrate Judge's Order be overruled and his Motion for Review of Nondispositive Order of Magistrate be DENIED.

Respectfully submitted,

*/s Mark A. Baugh*
Mark A. Baugh (#15779)
Ryan P. Loofbourrow (#33414)
Katelyn R. Dwyer (#39090)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
mbaugh@bakerdonelson.com
rloofbourrow@bakerdonelson.com
kdwyer@bakerdonelson.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, a copy of the foregoing *Defendants' Response in Opposition to Plaintiff's Motion for Review of Nondispositive Order of Magistrate* was served upon the following counsel of record via the Court's ECF filing system:

Parks T. Chastain
Brewer, Krause, Brooks & Chastain, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
(615) 256-8787
Fax: (615) 256-8985
pchastain@bkblaw.com

Tracy Turner
Rosenberg & Ball Co., LPA
205 South Prospect Street
Granville, OH 43023
(614) 657-3454
tturner@rosenbergall.com

*Counsel for Plaintiff*

Kevin C. Klein
Jeffrey W. Sheehan
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208
(615) 600-4780
Fax: (615) 600-4780
kevin.klein@kleinpllc.com
jeff.sheehan@kleinpllc.com

*Counsel for Intervenor Simon Roe*

Susan Kaplan
Charles Caranicas
The Kaplan Law Office
30 Wall Street, Floor 8
New York, NY 10005
(504) 586-9292
skaplan@lawkaplan.com
caranicas@lawkaplan.com

Robert Rambadadt
The Rambadadt Office
16 Madison Square West, Floor 12
New York City, NY 10010
(646) 450-8049
rrambadadt@ramba.com

*Counsel for Plaintiff*

/s Mark A. Baugh
Mark A. Baugh