IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PARKER POE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:24-cv-00368 |
| | )    Judge Crenshaw/Frensley |
| DR. MELANIE LOWE, et al., | ) |
|     Defendants. | ) |

**ORDER**

**I. INTRODUCTION**

Following his academic suspension from Vanderbilt University ("Vanderbilt") related to his social media posts regarding Intervenor Simon Roe, Parker Poe brought suit in Davidson County Circuit Court against Vanderbilt and several Vanderbilt current and former employees, alleging breach of contract, violation of 20 USC § 1681 (Title IX selective enforcement), violation of Section 504 of the Rehabilitation Act of 1973, defamation-libel, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and tortious interference with business relations.[1] Docket No. 159.

This matter is now before the Court upon a Motion to Quash Subpoena filed by non-party L.N.[2] Docket No. 134. L.N. has also filed a Supporting Memorandum and other supporting

---

[1] As previously noted by the Court, Parker Poe has used both he/him and they/them pronouns in filings; however, he/him is used in the most recent filings and so will be used here for the sake of clarity.

[2] L.N. filed her Motion using her true name, and the Court sees no reason why that name should be concealed; however, Mr. Poe has objected that "L.N. included her full name, as well as information about the state court case that easily revealed [Mr. Poe's] identity in violation of the current order permitting [Mr. Poe] to use a pseudonym." Docket No. 146, p. 1, n.1. The Court has held that Mr. Poe has not met the standard to proceed under a pseudonym, but because Mr. Poe has moved for review of that Order, the Court will refrain from revealing the full names of L.N. and S.A., another non-party, at this time. Docket Nos. 93, 99.

documents. Docket Nos. 135, 136-1 through 136-3. Mr. Poe has filed a Response in Opposition and supporting documents, including the subpoena at issue ("the Subpoena"). Docket Nos. 146, 146-1 through 146-3. L.N. has filed a Reply. Docket No. 151. For the reasons set forth below, L.N.'s Motion (Docket No. 134) is DENIED.

## II. LAW AND ANALYSIS

### A. Subpoenas to Non-Parties and Motions to Quash

The Federal Rules of Civil Procedure provide that documents, electronically stored information, tangible things, or inspection of premises may be commanded from a non-party by subpoena. Fed. R. Civ. P. 45(a)(1)(C). Rule 45 sets forth the conditions under which, on timely motion, a court must quash or otherwise modify a subpoena:

> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

"Rule 45 should be read in conjunction with the limitations of discovery found in Rules 26 and 34 of the Federal Rules of Civil Procedure, and therefore, the court must balance the burden of production against the need for the requested documents." *Universal Del., Inc. v. Comdata Network, Inc.*, No. 3:10-mc-104, 2011 WL 1085180, 2011 U.S. Dist. LEXIS 28963, at *6 (M.D. Tenn. Mar. 21, 2011) (internal quotation marks and citation omitted).

In striking the balance, courts commonly undertake a three-prong inquiry. Initially,

2

the court considers whether the party (or non-party) seeking protection has shown that the information sought is a trade secret or otherwise confidential, and shown that its disclosure might be harmful. If so, the court looks to whether the party seeking the discovery has established that the information is relevant and necessary to the underlying action. Finally, if those two inquiries are answered in the affirmative, the court then balances the need for discovery of the information against the alleged injury which will result from disclosure. Further, with regard to the final prong, where, as here, discovery is sought from a non-party, the court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party.

*Id.* at 6-7 (cleaned up, internal quotation marks and citations omitted).

### B. L.N.'s Motion to Quash

#### 1. Trade Secret or Confidential and Whether Disclosure Might be Harmful

##### a) Trade Secret or Confidential

L.N. asserts that the information sought by the Subpoena is protected from disclosure by an order staying discovery in a case pending in the Sixth Circuit Court for Davidson County, Tennessee ("the Tennessee case"), brought by Intervenor Simon Roe, in which L.N., S.A., and Mr. Poe are co-defendants. Docket Nos. 134, 135. L.N. explains:

> General discovery in the Tennessee case has been stayed pursuant to [Mr. Poe's] petition filed under the Tennessee Public Participation Act ("TPPA"). Judge Brothers has authorized a limited scope of discovery related to [Mr. Poe's] TPPA petition which specifically excludes information related to [L.N.] and [S.A.]. All of the information sought by the subpoena served on [L.N.] is subject to the discovery stay imposed by Judge Brothers.

Docket No. 135, p. 1.

Additionally, L.N. asserts that "much of the information sought by [Mr. Poe's] subpoena is also protected by [the Family Education Rights and Privacy Act ('FERPA')]," specifically, "documents and communication related to disciplinary proceedings from [L.N.'s] time as an undergraduate at Vanderbilt." *Id.* at 3. L.N. notes that "FERPA does contain exceptions for the court-ordered production of education records," but argues that "those exceptions are limited to

3

criminal investigations and proceedings. . . . There is no exception for court-ordered production of unredacted education records in civil cases." *Id.*

Mr. Poe maintains that "[t]he state court order staying general discovery does not convert the documents requested into confidential, proprietary, or protected information," but rather, that order "simply stayed general discovery, as the court was required to do under the TPPA." Docket No. 146, p. 3. Mr. Poe argues that "L.N. cited no authority for the proposition that the state court order staying discovery could operate to create a privilege or protection over production of documents in a separate, federal lawsuit involving different claims and different parties." *Id.*

As to FERPA, Mr. Poe asserts that "L.N. is not an entity protected by FERPA," and [e]ven if she were, she would be required to produce the records in her possession, custody, or control because the documents are requested pursuant to a lawful subpoena." *Id.* at 4.

L.N. replies that "[f]ederal courts in this Circuit have long recognized education records as protected matter in which students have a right of privacy" and courts have "imposed a significantly heavier burden on a party requesting the discovery of educational records to show its interests in obtaining the records outweighs [*sic*] the significant privacy interest of the students." Docket No. 151, p. 1-2 (internal quotation marks and citations omitted).

The Court agrees with Mr. Poe that the discovery stay order in the Tennessee case does not confer confidential or protected status on the requested documents, even if they contain information that is covered by that order. L.N. does not assert that Judge Brothers has made a finding that the information is confidential; merely, he has paused discovery generally because that is what the TPPA requires. L.N. has not provided (and the Court has not located) any authority for the proposition that a procedural discovery stay in state court operates to change the underlying status of that information or prohibit discovery proceeding in a different case in federal court.

4

Mr. Poe is also correct that FERPA does not apply to individuals such as L.N., but only to educational institutions (such as Vanderbilt). 20 USC § 1232g. It speaks only to the release of certain information by those institutions, and not at all to the status of that information once it has passed to a third party (such as L.N., to the extent that any such information is within her possession, custody, or control). *Id.* L.N. has not provided any other facts that support a conclusion by the Court that the information is confidential. Therefore, the Court finds that she has not met her burden to show that the requested information is confidential.[3] *Universal Del.*, 2011 U.S. Dist. LEXIS 28963, at *6.

### b) Harm to L.N.

While it is not necessary to consider the other factors because L.N. has failed to meet her burden as to the first, the Court will briefly touch on them. L.N. contends that her defense in the Tennessee case would be "significantly harmed" by responding to the Subpoena because L.N. would be "placed at a strategic disadvantage" by being made to produce discovery related to the Tennessee case "at a time when she is unable to obtain discovery from [Mr. Poe] or any other party to that case." Docket No. 135, p. 2-3. L.N. states that she is "pursuing further education in her chosen field," and argues that "[l]itigation involving her education record at Vanderbilt could jeopardize her academic and professional future." *Id.* at 3.

Characterizing her assertion of harm as "a declaration of harm without any substance," Mr. Poe argues that L.N. "has not explained how producing the documents harms her, other than asserting that [Mr. Poe] may see certain documents first. But, L.N. and [Mr. Poe] are co-defendants in the state court litigation and not adverse parties." Docket No. 146, p. 4.

Once again, the Court agrees. It is not at all clear how the production of documents in this

---

[3] L.N. does not argue that the information contains trade secrets. *See* Docket Nos. 134, 135, 151.

5

case, where she is not a party, to a person who is a co-defendant in another case (as opposed to an adverse party) would be harmful to L.N. in that case. As to her concerns about information harming her in the pursuit of further education in her chosen field, such potential harm can be avoided by producing the documents as "confidential" pursuant to the "Stipulated Protective Order and Order for Release of Discoverable Materials Otherwise Protected by the Family Educational Rights and Privacy Act" that has been entered in this case. Docket No. 95.

### 2. Whether the Information is Relevant and Necessary

Mr. Poe contends that the requested documents, which include "complaints of sexual misconduct L.N. filed against Simon Roe" and "complaints Simon Roe made against L.N.," are relevant to his Title IX selective enforcement claim "because he alleges he was treated differently than L.N., a female, for engaging in the same conduct he did." Docket No. 146, p. 5. Mr. Poe further contends that the documents are relevant to his breach of contract claim. *Id.* at 6.

L.N. argues that many of the requested documents contain information that "pertains solely to the state court case and cannot speak to decisions made by Vanderbilt officials regarding student discipline for [Mr. Poe]." Docket No. 151, p. 2. These documents include "tolling agreements executed in the state court case, and any written apologies and communication regarding such apologies exchanged between [L.N.], Simon Roe, and their respective attorneys." *Id.*

"Relevance for purposes of discovery is broadly construed and the information sought need not be admissible to be discoverable." *T.C. ex rel S.C. v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:17-01098, 2018 WL 3348728, 2018 U.S. Dist. LEXIS 113517, at *17 (M.D. Tenn. July 9, 2018). In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under this broad standard for

6

relevance in discovery, the Court finds that the information sought is relevant to the claims and defenses in this case, including Mr. Poe's claims that:

> One female student, L.N., made multiple posts concerning Simon Roe, including but not limited to an allegedly false claim (according to Simon Roe) she was a victim of Simon Roe's and accusing Simon Roe of being a rapist. Further, L.N. posted that she had contacted Simon Roe's employer to notify them about his conduct.
>
> Defendant Bourgoin failed to investigate the female poster (L.N.) for any of her posts despite Simon Roe's Father's insistence that she be punished severely for her posts.

Docket No. 159, p. 97 (numbering omitted).

### 3. Balancing the Need for Discovery Against the Alleged Injury from Disclosure

Finally, the Court finds that, in part because L.N. has not met her burden to show that the requested information is confidential as discussed above and in part due to the existence of a robust protective order in this case that specifically protects FERPA information, the injury alleged by L.N. is highly unlikely to occur. Thus, even a slight need for the discovery by Mr. Poe would overbalance it; however, the Court finds that Mr. Poe has demonstrated a need for the information in order to pursue his Title IX claim.

### III. CONCLUSION

For the foregoing reasons, L.N.'s Motion (Docket No. 134) is **DENIED**.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**