IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PARKER POE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-00368 |
| | ) | |
| v. | ) | Judge Crenshaw |
| | ) | |
| DR. MELANIE LOWE, et al. | ) | Magistrate Judge Frensley |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM OF LAW FOR ORDER AUTHORIZING RELEASE OF RECORDS PURSUANT TO THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT**

Plaintiff Parker Poe respectfully moves this Court for an order authorizing the release of education records and information protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g), for Simon Roe.[1] In support of this Motion, Poe submits the following:

**INTRODUCTION**

Poe's case challenges Vanderbilt University's Student Accountability process—a process that breached Poe's contractual rights and violated his protections under Title IX. Central to Poe's claims are allegations that Vanderbilt's disciplinary procedures were applied inconsistently, unfairly, and in a gender-biased manner. To properly present his case, Poe requires access to the education records of Simon Roe,

---

[1] For privacy protection, Simon Roe is being referenced using a pseudonym. Vanderbilt and Defendants have been provided with the full identities corresponding to this pseudonym and thus can identify the specific individuals referenced.

1

which are directly relevant to demonstrating the procedural irregularities, disparate treatment, and selective enforcement that characterize Vanderbilt's handling of student disciplinary matters.

This Court has the authority to order the release of these records and should do so subject to the existing Protective Order. Such an order would strike the appropriate balance between Poe's legitimate discovery needs and any privacy interests at stake. Without access to these comparative disciplinary records, Poe will be severely hampered in his ability to demonstrate the deficiencies in Vanderbilt's procedures and disparate and discriminatory treatment that form the core of his case.

## FACTUAL BACKGROUND

### A. The Underlying Disciplinary Proceedings Against Plaintiff

Plaintiff Parker Poe became subject to Vanderbilt University's Student Accountability process in January 2023. Although away from campus, Poe was notified that he was under investigation for alleged violations of Vanderbilt University policies. The allegations stemmed from accusations of defamatory online posting made by Simon Roe's father. Roe's father alleged that Poe was part of a group of students who highlighted allegations that his son had been accused of sexual assault on social media. Even though the report identified multiple students, Plaintiff was punished as the sole instigator, and Vanderbilt never made any effort to investigate the underlying sexual assault allegations against Roe.

Throughout the disciplinary process, Defendants committed procedural irregularities that violated Vanderbilt's own policies and Poe's rights under Title IX

and his contract with the University. These irregularities included denying Poe access to evidence, failing to interview key witnesses, and failing to investigate and treat Plaintiff the same as similarly situated students.

### B. Relevance of Simon Roe's Records to Plaintiff's Claims

The education records of Simon Roe are directly relevant to Plaintiff's claims for several compelling reasons. The allegations against Plaintiff that led to the investigation, disciplinary hearing, and sanctions stem from social media posts that were made on Yik Yak, which repeated sexual assault allegations that had been made on another social media site against Roe. Simon Roe's father initiated the complaint against Plaintiff and other students, pressured the University during the investigatory proceedings, and received updates about the investigation in violation of Poe's privacy rights. While Plaintiff was subjected to a full investigation, disciplinary hearing, and severe sanctions, including suspension, the underlying allegations against Roe were not investigated. This disparity in treatment between Plaintiff and Roe, is relevant to the allegations in the Second Amended Complaint.

## ARGUMENT

### A. FERPA Permits Disclosure Pursuant to Court Order.

FERPA explicitly permits disclosure of personally identifiable information from education records "in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. § 1232g(b)(2)(B). Indeed, the Department of

3

Education's own regulations implementing FERPA expressly contemplate judicial orders requiring disclosure of education records, stating that an educational institution "may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure . . . is to comply with a judicial order or lawfully issued subpoena." 34 C.F.R. § 99.31(a)(9)(i). The regulations require that the institution make a "reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance." 34 C.F.R. § 99.31(a)(9)(ii).

### B. Courts Routinely Order Production of FERPA-Protected Records.

Courts have consistently recognized that FERPA does not create an absolute privilege against disclosure of education records but rather establishes a conditional privilege that may be overcome by an appropriate court order. *See, e.g.*, *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977) (holding that FERPA "does not preclude discovery of relevant school records under the Federal Rules of Civil Procedure").

### C. The Requested Records Are Relevant and Necessary.

The education records of Simon Roe are relevant and necessary to Poe's claims in this case. Poe alleges that Vanderbilt University, through its agents, engaged in gender-biased enforcement of its disciplinary policies in violation of Title IX and breached its contractual obligations to not discriminate and provide fair and consistent disciplinary procedures. To prove these claims, Poe must demonstrate that similarly situated students were treated differently, including based on gender, and that the University failed to follow its own procedures consistently. The requested

4

records will show how the University treated other students involved in the same incident, which was initiated by Roe and his father, providing evidence of whether the University (1) applied the same procedural protections to male and female students; (2) treated students consistently during disciplinary proceedings; (3) imposed consistent sanctions for similar violations; and (4) followed its own written policies and procedures in all cases.

These records are also relevant to Poe's other claims, as Poe alleges numerous breaches of Vanderbilt's Student Handbook promises that relate pressure applied by Roe and his father during the investigation. Similarly, Poe alleges that he was defamed by Vanderbilt and one of its employees in communications to Roe.

**D. The Existing Protective Order Safeguards Roe's Privacy Interests.**

This Court has already entered a Protective Order on November 4, 2024, which provides comprehensive protections for confidential information, including FERPA-protected records. (ECF No. 95.) The Protective Order specifically contemplates the production of sensitive personal information, including medical and educational records, and establishes strict protocols for handing such information, including:

1. Designating confidential information;
2. Limiting access to designated individuals;
3. Prohibiting use of confidential information outside this litigation;
4. Requiring secure storage of confidential information; and
5. Procedures for return or destruction of confidential information at the conclusion of the litigation.

These protections are more than sufficient to address any privacy concerns related to the disclosure of Simon Roe's education records. Courts have consistently found that protective orders like the one in place here adequately address FERPA privacy concerns. *See, e.g.*, *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 293-94 (E.D.N.Y. 2008) (finding protective order sufficient to protect privacy interests in FERPA-protected records).

**E. Vanderbilt University Does Not Oppose This Motion.**

Counsel for Plaintiff has conferred with counsel for Vanderbilt University regarding this motion. Vanderbilt University has indicated that, while it disagrees with the characterization of the underlying facts in this motion, it does not oppose the Court's issuance of an order directing the production of Roe's education records pursuant to FERPA's judicial order exception. Vanderbilt has appropriately taken the position that it will comply with its obligations under FERPA by producing the requested records upon receipt of a court order specifically directing such production.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

1. Authorizing the release of the education records of Simon Roe that are relevant to the claims and defenses in this action;

2. Directing that Defendants produce such records within ten days of the Court's Order;

3. Confirming that all such records shall be subject to the terms of the existing Stipulated Protective Order; and

4. Granting such other and further relief as the Court deems just and proper.

Dated: June 27, 2025

Respectfully submitted,

By: */s/ Edward J. Canter*
J. Alex Little (TN BPR #29858)
Edward J. Canter (NY #5345236)
LITSON PLLC
54 Music Square E, Suite 300
Nashville, Tennessee 37203

*Attorneys for Plaintiff Parker Poe*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

By: */s/ Edward J. Canter*
     Edward J. Canter

8

Case 3:24-cv-00368   Document 178   Filed 06/27/25   Page 8 of 8 PageID #: 2640