IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PARKER POE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:24-cv-00368 |
| ) | |
| v. ) | Judge Crenshaw |
| ) | Magistrate Judge Frensley |
| DR. MELANIE LOWE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PARKER POE'S MOTION FOR ORDER AUTHORIZING RELEASE OF RECORDS PURSUANT TO THE FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT**

Plaintiff is correct that Defendants do not oppose his several motions seeking an order from the Court permitting Vanderbilt to release other students' educational records, in compliance with the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g. (ECF Nos. 172 through 178.) That said, Vanderbilt requests a slightly different procedure than what was proposed in Plaintiff's proposed orders, attached to each motion.[1] (*E.g.*, ECF No. 172-1.) Vanderbilt proposes, consistent with the conversation with the Court at the May 15 status conference:

- Vanderbilt will provide timely notice to each student that the student's educational records are being requested in connection with a court proceeding, and include a copy of Plaintiff's motion;

- Vanderbilt will notify each student that the deadline to object to the motion is **July 15, 2025**, under Federal Rule of Civil Procedure 6(d) and Local Rule 7.01(a)(3).

---

[1] Plaintiff circulated a draft motion before filing so that Defendants could decide whether to consent, but did not include the proposed order.

- If no objections are filed, Vanderbilt consents to an order being entered requiring Vanderbilt to produce the other students' educational records within a reasonable period of time, to the extent those records are responsive to Plaintiff's discovery requests. If objections are filed. Vanderbilt requests that the Court resolve those objections before ordering Vanderbilt to produce other students' educational records.
- If objections are not filed but only sent to Vanderbilt, Vanderbilt will provide the Court notice of the objections.

The main difference is that Plaintiff's proposal would allow the court to grant Plaintiff's motion before a student's time to object has expired, which would put Vanderbilt in a position of being required to produce documents despite an objection not being heard. Vanderbilt's proposal allows all objections to be heard before the Court orders Vanderbilt to produce the educational records.

For the foregoing reasons, Vanderbilt requests that the Court wait to rule on Plaintiff's motions until after **July 15, 2025**, to allow any objections to be heard. Absent any objections, Vanderbilt does not oppose Plaintiff's motions.

DATED: June 27, 2025                    Respectfully submitted,

<u>/s Ryan P. Loofbourrow</u>
Mark A. Baugh (#15779)
Ryan P. Loofbourrow (#33414)
Katelyn R. Dwyer (#39090)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
mbaugh@bakerdonelson.com
rloofbourrow@bakerdonelson.com
kdwyer@bakerdonelson.com
*Counsel for Defendants*