# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **PARKER POE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-00368** |
| | ) | |
| **DR. MELANIE LOWE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge previously entered an Order requiring Plaintiff to litigate this case using his true name, rather than using the pseudonym "Parker Poe." (Doc. No. 93). Now before the Court is Poe's Motion to Review the Magistrate Judge's Order pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.01.[1] (Doc. No. 99). Defendants filed a response in opposition (Doc. No. 103), and Poe replied (Doc. No. 107). For the following reasons, Poe's motion to review will be granted and the Magistrate Judge's Order affirmed.

## I.    BACKGROUND[2]

The Court adopts and incorporates the factual background and procedural history section of the Magistrate Judge's Order, (Doc. No. 93 at 1–2), and it will repeat only those facts necessary

---

[1] Poe also filed related motions to supplement the record and seal exhibits, (see Doc. Nos. 100, 101, 117, 118), which the Court will address later in this Order.

[2] The Magistrate Judge's Order and the parties' briefs cite to the First Amended Complaint, (Doc. No. 34), which was the operative complaint when Poe filed his motion. Poe has since filed a Second Amended Complaint. (Doc. No. 161). For ease of reference and consistency with the relevant briefing, however, the Court will cite to the First Amended Complaint for any factual allegations relevant to this Order. In doing so, the Court notes that the relevant factual allegations in the First and Second Amended Complaints are largely identical, as Poe filed his most recent amended complaint "to clarify the breach of contract claim and address the [Court's] dismissal of the tortious interference with contract claim." (See Doc. No. 123).

to resolve Poe's motion.  In short, in Spring 2022 there were anonymous posts on social media that accused Vanderbilt University student Simon Roe[3] of sexually assaulting women.  (Doc. No. 34 ¶¶ 28, 30–32, 34).  Roe disputed these accusations and filed a lawsuit for defamation "to 'unmask' those who had posted anonymously about him."  (Id. ¶ 44).  Discovery in Roe's lawsuit revealed that fellow Vanderbilt student Poe was one of the posters.  (Id. ¶ 45).  Roe and his father then "demanded Vanderbilt take immediate action" against the posters, and Vanderbilt launched an investigation against Poe for violations of the Student Handbook.  (Id. ¶¶ 45–61).  Vanderbilt eventually found that Poe violated three provisions of the Student Handbook and other school policies, and the university placed him on academic suspension.  (Id. ¶¶ 2, 9, 91).  Poe challenged Vanderbilt's investigation by suing the university and several Vanderbilt employees in the Circuit Court for Davidson County, Tennessee.  (See Doc. No. 1-1).  In April 2024, Defendants filed a Notice of Removal in this Court.  (See Doc. No. 1).

That brings the Court to Poe's instant motion.  It all started with the Tennessee Circuit Court's order summarily granting Poe's motion to proceed under a pseudonym.  (See Doc. No. 1-1 at 77).  After Defendants removed this case to federal court, they filed a motion asking this Court to reconsider the Circuit Court's order and issue "its own order denying Plaintiff leave to [proceed] under a pseudonym."  (Doc. No. 20).  The Magistrate Judge granted Defendants' motion after concluding that "Poe cannot meet the legal standard required to proceed under a pseudonym."  (Doc. No. 93 at 15).  Poe now asks this Court to set aside the Magistrate Judge's Order, reinstate

_____

[3] The Magistrate Judge's Order also granted Roe's motion to "require the use of pseudonyms for references to himself and his family members for the duration of this litigation" because there were compelling reasons to protect his identity.  (Doc. No. 93 at 2, 15).  Poe "does not object to the portion of the Order allowing Simon Roe and his father to proceed using pseudonyms based on current claims and facts."  (Doc. No. 99-1 at 1 n.1).

2

the Circuit Court's Order, and allow him to litigate his case under a pseudonym, which Defendants oppose.

## II.     LEGAL STANDARD

When the Court "reviews a magistrate judge's resolution of a non-dispositive matter, it is not a *de novo* review, as it is in relation to a magistrate judge's recommendation as to a dispositive matter." Vanderbilt Univ. v. Scholastic, Inc., 321 F. Supp. 3d 830, 832 (M.D. Tenn. 2018) (citations omitted). Instead, the Court considers proper objections to the Order and, based on those objections, may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a); L.R. 72.01. "The clearly erroneous standard applies only to factual findings, while legal conclusions are reviewed under the contrary to law standard." Doe v. Byrd, 2019 WL 13546234, at *2 (M.D. Tenn. Dec. 17, 2019) (citations and internal quotation marks omitted). "A finding of fact is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citation omitted). "A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." Id. (citation omitted).

"The Court is not empowered to reverse the magistrate judge's finding simply because the Court would have decided the issue differently." Id. (citation omitted). Otherwise, "[t]he functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). "This duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id.

3

## III.    ANALYSIS

The Court finds that the Magistrate Judge correctly summarized the law regarding when a plaintiff may litigate his case under a pseudonym.  (See Doc. No. 93 at 3–11).  As the Magistrate Judge explained, the general rule in federal court is that all parties to a lawsuit must use their real names.  See D.E. v. John Doe, 834 F.3d 723, 728 (6th Cir. 2016); see also Fed. R. Civ. P. 10(a) ("a complaint must state the names of all parties"); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").  The Sixth Circuit recognizes that "[u]nder certain circumstances, however, the district court may allow a plaintiff to proceed under a pseudonym[.]"  Id. (citing Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004)).  "The key inquiry is whether the [plaintiff's] interest in privacy outweighs the presumption in favor of open judicial proceedings."  Koe v. Univ. Hosps. Health Sys., Inc., 2024 WL 1048184, at *2 (6th Cir. Mar. 8, 2024) (citations omitted).  This standard is difficult to meet, and "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name."  Doe v. Carson, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020) (citation omitted); Doe v. Streck, 522 F. Supp. 3d 332, 333 (S.D. Ohio Feb. 25, 2021) ("Litigating under a pseudonym is generally disfavored").

Several factors (i.e. the Porter factors) guide the Court's analysis in determining whether plaintiffs may proceed anonymously:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) **whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy**; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

Porter, 370 F.3d at 560 (citation and internal quotation marks omitted) (emphases added).  "Courts may also consider other factors, such as whether the plaintiff would risk harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by

4

forcing them 'to proceed with insufficient information to present their arguments.'" Doe v. Lee, 2023 WL 2587790, at *2 (M.D. Tenn. Mar. 21, 2023) (quoting Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630, 636 (6th Cir. 2005)). A plaintiff does not have to fulfill all these factors "to be allowed to proceed under a pseudonym, and no one Porter factor is dispositive in the outcome of" the Court's decision to allow or forbid him from proceeding under a pseudonym. Doe #11 v. Lee, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023) (citation omitted). Ultimately, "[t]he decision to grant such a motion is within the sound discretion of the district court." Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ., 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (citing Porter, 370 F.3d at 560). Against this legal backdrop, the Court now turns to whether Poe's objections demonstrate that the Magistrate Judge was clearly erroneous or contrary to law.

Poe first argues that the Magistrate Judge "misapplied the second Porter factor" by requiring Poe to show that his "cause of action involve[s] sexual assault," rather than requiring him to demonstrate that prosecuting his claims will compel him to "disclose information of the utmost intimacy." (Doc. No. 99-1 at 4). That is not what the Magistrate Judge did. Rather than rewrite the second Porter factor, the Magistrate Judge merely recognized that this factor should be "'construed narrowly' given the preference for open judicial proceedings." (Doc. No. 93 at 6 (quoting Kaltenbach v. Hilliard City Schs., 2023 WL 3023020, at *1 (S.D. Ohio Apr. 20, 2023)). As the Magistrate Judge correctly noted, courts have found that plaintiffs may be compelled to disclose information of the utmost intimacy when they are "victims of sexual assault" or "accused of sexual assault." (Id. (citations omitted)). Those exceptional cases do not apply here, however, because Poe's "claims stem from an allegedly flawed student-misconduct investigation, [and] not from allegations of sexual assault." (Id.). There is a meaningful difference between Poe's

litigation "position, as the accuser" of a third-party sexual assault, and a case where someone allegedly "had suffered a sexual assault or had been accused of committing sexual assault." (Id. at 4). Poe "is neither the victim" of sexual assault "nor the accused" *in this case*, and he "failed to identify a single case where a similarly situated accuser has been permitted to proceed pseudonymously." (Id. at 6). Thus, the Magistrate Judge found that the second Porter factor did not weigh in favor of granting Poe's request. (Id. at 5–6). The Court finds that this application of the second Porter factor was not clearly erroneous or contrary to law.

Although the Court does not make light of Poe's history of sexual assault and suicidal ideation, the disclosure of that information alone does not justify his request for anonymity. Indeed, courts have explicitly held that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." Doe v. Weinstein, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020) (collecting cases). The same is true with allegations of attempted suicide. See Kaltenbach, 2023 WL 3023020, at *1. So even if the Court found that Poe's personal experiences with sexual assault and attempted suicide constituted "information of the utmost intimacy," it would still need to conclude that Poe's privacy interests in these matters substantially outweigh the presumption of open judicial proceedings. The Magistrate Judge did not err in concluding that Poe failed to satisfy this high standard. See Streck, 522 F. Supp. 3d at 333 (allowing plaintiffs to proceed under a pseudonym because they alleged "that [Defendant] sexually assaulted" and "raped them," and "threatened to harm them in some manner if they disclosed what happened to them"); Doe v. Fedex Ground Package Sys., Inc., 2021 WL 5041286, at *2 (M.D. Tenn. Oct. 29, 2021) (holding that plaintiff could proceed by pseudonym because she alleged her former employer "took her to a nearby hotel during work hours" and "raped her and forced her to perform sexual acts against her will.").

6

Poe next argues that he will face additional psychological harm if he reveals his identity because this case "has already garnered national media attention" and could cast him in a negative light.  (Doc. No. 99-1 at 5–6).  The Magistrate Judge rejected this argument because "allegations that proceeding publicly would cause [plaintiff] embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym." Fedex Ground Package Sys., Inc., 2021 WL 5041286, at *7.  The wrinkle here is that the Magistrate Judge held that Poe's alleged psychological trauma "does not support Poe proceeding by pseudonym" because he "has not provided any evidence for such harm beyond unsupported and conclusory statements." (Doc. No. 93 at 8).  Poe now attempts to fill that hole of missing evidence by supplementing the record with declarations written by Poe, his therapist, and his mother  (See Doc. Nos. 101, 117).

In considering Poe's motions to supplement the record, the Court notes that the "Sixth Circuit has held that a district court's '[i]nherent power' permits it, for good cause, to consider new evidence when considering a motion to review a magistrate judge's decision on a nondispositive issue." United States ex rel. Goodman v. Arriva Med., LLC, 471 F. Supp. 3d 830, 844 (M.D. Tenn. 2020) (citing Banner v. City of Flint, 99 F. App'x 29, 35 (6th Cir. 2004)).  Poe contends there is good cause for his untimely filings because his "mental state has deteriorated further since the original briefing."  (Doc. Nos. 101 at 1; 117 at 1).  The Court agrees with Defendants that this argument is "threadbare," (Doc. No. 104 at 1), but it has nevertheless decided as a matter of discretion to consider the new declarations in assessing Poe's alleged psychological harm.  The sum and substance of these declarations is that Poe is anxious and fearful that revealing his name may derail his career and life.  (See Doc. No. 125).  This emotional stress and anxiety also caused him to suffer negative physical symptoms, such as heart palpitations, rapid breathing, and appearing visibly distressed.  The Court has no reason to doubt Poe's symptoms and general

7

fears about associating his real name with his lawsuit, but his concerns about negative publicity do not rise to the level of "psychological trauma . . . that has prompted courts in other cases to permit litigants to proceed pseudonymously." Fedex Ground Package Sys., Inc., 2021 WL 5041286, at *7 (plaintiff not allowed to proceed anonymously even though she submitted a declaration that she is humiliated and embarrassed about having been a victim of sexual assault by her supervisor); see also Doe v. Shaw Elec. Co., 2024 WL 1815459, at *1 (E.D. Mich. Mar. 28, 2024) (plaintiff not allowed to proceed anonymously even though she alleged she would be forced to publicly disclose details of the traumatic sex-based misconduct she experienced and the mental distress she suffered as a result).

These new declarations segue into Poe's next objection, which is that the Magistrate Judge should have found persuasive his "argument about harm to his professional reputation and potential economic injury." (Doc. No. 99-1 at 6). Although Poe reinforces these factual concerns in his new declarations, he does not cite any legal authority in support of this argument, let alone distinguish or rebut the Magistrate Judge's list of cases holding that "economic harm and scrutiny from current or prospective employers do not involve information 'of the utmost intimacy.'" (Doc. No. 93 at 8) (collecting cases and quoting Doe v. Univ. of Pittsburgh, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018)). Thus, even with his new declarations, Poe has not established that the Magistrate Judge's conclusion is clearly erroneous or contrary to law.

Last, Poe contends that "the lack of actual harm to Defendants also weighs in favor of allowing [him] to use a pseudonym." (Doc. No. 99-1 at 8). The Magistrate Judge disagreed with this argument and held that while "Defendants know Plaintiff's identity and will therefore have less trouble subpoenaing Plaintiff or deposing him," they would still be unfairly prejudiced if Poe could proceed anonymously. (Doc. No. 93 at 11) (citing Ramsbottom v. Ashton, 2021 WL

8

2651188, *5–*6 (M.D. Tenn. June 28, 2021). Even if this factor could go either way, what matters is that Poe fails to explain how the Magistrate Judge made a clearly erroneous factual finding or committed a clear error of law. The Court will not set aside the Magistrate Judge's Order on this basis just because the "prejudice" factor could weigh in Poe's favor.

Having considered all of Poe's objections and the relevant case law, the Court agrees with the Magistrate Judge's ultimate conclusion as follows:

> Plaintiff is not a child, is not challenging governmental activity, is not compelled to disclose information of the utmost intimacy, and is not compelled to disclose an intention to violate the law. Furthermore, Plaintiff's true identity has already been revealed in an associated state-court proceeding thus dispelling much of the speculative risk that Plaintiff alleges he will face if his name is made public in the present case. For these reasons, Plaintiff has failed to provide sufficient justification to show that his privacy interests substantially outweigh the presumption of open judicial proceedings.

(Doc. No. 93 at 11 (citation and internal quotation marks omitted)). Accordingly, the Court will overrule Poe's objections, approve and adopt the Magistrate Judge's Order, and order that Plaintiff must proceed under his true name.

## IV.     CONCLUSION

For the foregoing reasons, the Court Orders as follows:

1.      Plaintiff's Motion for Review of Nondispositive Order of Magistrate Judge (Doc. No. 99) is **GRANTED** and the Magistrate Judge's Order is AFFIRMED. By **September 5, 2025**, Plaintiff Parker Poe **SHALL** file a notice containing his true name. The Clerk **SHALL** update the case caption accordingly.

2.      Plaintiff's Motions for Leave to Submit Additional Evidence (Doc. Nos. 101, 117) are **GRANTED**.

3. Plaintiff's Motions for Leave to File Documents Under Seal (Doc. Nos. 100, 118) are **GRANTED**, and the notice and attachments filed at Doc. No. 125 shall remain under seal because they contain sensitive medical information.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE