# EXHIBIT 4 – EXCERPT FROM PLAINTIFF'S DISCOVERY RESPONSES 5.16.2025 RE MEDICAL PROVIDERS

**RESPONSE:**

See documents and information provided in response twelve of Defendants' request for production of documents.

8(c). *Include the amount of income received on each date provided.*

**RESPONSE:**

See documents and information provided in response twelve of Defendants' request for production of documents.

9. Identify all health care professionals (by his or her name and hospital, clinic, or facility affiliation) you have seen for treatment or by whom you have been examined since January 1, 2019. State what prompted you to seek treatment or examination, the professional opinion rendered, the treatment recommended, and the prescription medication recommended or prescribed. Identify each entity providing health insurance coverage for you from January 1, 2019 to the present, including the name of the primary insured and the policy number.

**RESPONSE**:

Plaintiff objects to this interrogatory because it is in excess of the number of interrogatories allowed under LR33.01, which limits interrogatories to twenty-five. Subparts of a question are counted as additional questions for purposes of the overall number.

Plaintiff expressly reserves all objections, both procedural and substantive, to this and all other discovery requests until such time as they are properly served in accordance with the applicable rules of civil procedure and the Court's scheduling order.

**AMENDED RESPONSE**

36

Plaintiff objects to this interrogatory as overbroad and impermissibly vague, to the extent which it seeks the identity of "all health care professionals" the Plaintiff has seen for "treatment" since 2019. As written, the request would require the Plaintiff to describe all "treatment" he has received for a range of conditions—conditions such as seasonal allergies and COVID-19—which have no bearing on the issues in this case. Moreover, the request calls for medical history prior to Plaintiff's enrollment at Vanderbilt. This is not relevant to the pending action nor reasonably calculated to lead to the discovery of admissible evidence. The interrogatory also requests health insurance coverage information which will be addressed in the medical release form for March 6th, 2023.

Without waiving these objections, Plaintiff responds that he sought treatment from the following health care professionals in connection with the claims in the Second Amended Complaint:

On March 6th, 2023, Plaintiff sought emergency medical care. He presented that evening to ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████

10. Describe in detail any medical or psychological treatment which you have received and which you attribute to any of the claims in the Complaint, and with regard to any such treatment, identify the following:

(a) The nature and dates of any such treatment;

(b) The physician, psychologist, or health care provider;

(c) Any medication or treatment prescribed;

37

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2025 a copy of the foregoing document was sent via e-mail to the following:

> Mark A. Baugh (#15779)
> Ryan P. Loofbourrow (#33414)
> Katelyn R. Dwyer (#39090)
> Baker, Donelson, Bearman,
> Caldwell & Berkowitz, P.C.
> 1600 West End Avenue, Suite 2000
> Nashville, TN 37203
> (615) 726-5600
> mbaugh@bakerdonelson.com
> rloofbourrow@bakerdonelson.com
> kdwyer@bakerdonelson.com
>
> *Counsel for Defendants*

> <u>/s/ J. Alex Little</u>
> J. Alex Little