UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PARKER POE, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00368 |
| DR. MELANIE LOWE, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

On August 26, 2025, the Court affirmed the Magistrate Judge's Order requiring Plaintiff to litigate this case using his true name, rather than using the pseudonym "Parker Poe." (Doc. No. 194) ("Pseudonym Oder"). Plaintiff has appealed that Order. (Doc. No. 196). The Pseudonym Order and Plaintiff's Notice of Appeal prompted two pending motions: (1) Plaintiff's Motion to Stay the Court's Order Requiring Plaintiff to Disclose His True Name (Doc. No. 197); and (2) Defendants' Motion to Continue Trial Date and Other Deadlines in Case Management Order or, in the Alternative, to Stay Case Pending Resolution of Appeal of Pseudonym Order (Doc. No. 211).[1] For the following reasons, Plaintiff's Motion will be granted, and Defendants' Motion will be denied without prejudice.

I. **PLAINTIFF'S MOTION TO STAY PSEUDONYM ORDER PENDING APPEAL**

There is no question that the Court's Pseudonym Order "fall[s] under the collateral order doctrine and [is] immediately appealable." See Doe v. Village of Deerfield, 819 F.3d 372, 376

---

[1] The Court assumes the parties' familiarity with the facts of this case, the Magistrate Judge's Order (Doc. No. 93), and the Pseudonym Order (Doc. No. 194). As such, the Court will discuss only those facts and arguments necessary to resolve the instant motions.

(7th Cir. 2016) (collecting cases); see also (Doc. No. 197 at 2–4). The only issue is whether the Court *may* or *should* stay its Order pending appeal.

"As a general rule, an effective notice of appeal divests the district court of jurisdiction over the matter forming the basis for the appeal." See, e.g., Zundel v. Holder, 687 F.3d 271, 282 (6th Cir. 2012) (citation omitted); Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (holding that "a notice of appeal is an event of jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). "This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court." Williamson v. Recovery Ltd. P'ship, 731 F.3d 608, 626 (6th Cir. 2013) (citations omitted). Where, as here, a party files a notice of appeal, the Court still "retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." Id. The corollary to this rule, however, means the Court does not retain jurisdiction to alter, expand, or enlarge the scope of its orders while they are under the Sixth Circuit's consideration. City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007) (citation omitted) (noting the "crucial distinction between *expansion* and *enforcement* of judgments").

Here, the Court finds that it retains jurisdiction to enforce or stay its Pseudonym Order. By staying or enforcing the Pseudonym Order *as written*, the Court would not be altering or expanding any matters forming the basis of Plaintiff's appeal—which involves the narrow issue of whether the Court abused its discretion by requiring Plaintiff to disclose his true name. See Poe v. Lowe, No. 25-5792 (6th Cir. 2025), Doc. No. 11 ("Civil Appeal Statement of Parties and Issues"); see also Holder, 687 F.3d at 282. As a result, Plaintiff's Notice of Appeal does not automatically stay the Court's Pseudonym Order. See Doe v. Univ. of S. Ind., 2024 WL 3495077, at *3 (S.D. Ind.

2

July 22, 2024) (granting Plaintiffs' motion to stay order requiring disclosure of their identities while their appeal is pending); Does v. Mills, 2022 WL 2191701, at *2 (D. Maine June 17, 2022) (denying identical motion).

Given that there is no *automatic* stay, the next issue is whether a discretionary stay is appropriate here. "A stay is not a matter of right," and instead "depend[s] upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–34 (citations omitted). In determining whether to stay a collateral order pending appeal, the Court must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits of his appeal; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. at 434. The Court will address each of these factors in turn.

First, the Court is not persuaded that "[t]here is a strong likelihood that the Sixth Circuit will reverse this Court's denial of pseudonymity." (Doc. Nos. 197 at 5–7; 209 at 4–6). In support of his argument, Plaintiff contends that the Court ignored "both Title IX and the Family Educational Rights and Privacy Act ('FERPA')," gave inadequate weight to evidence about Plaintiff's mental health, and disregarded "two NIH-published studies establishing that social stigma surrounding suicide attempts significantly increases the risk of future attempts." (Doc. Nos. 197 at 5–7). That is not true. The Magistrate Judge addressed Plaintiff's Title IX and FERPA concerns by stating that Plaintiff could "seek a protective order or redaction" if he wanted "to prevent the disclosure of sensitive information or FERPA-protected documents." (Doc. No. 93 at 6). The Court likewise considered Plaintiff's "new declarations" regarding his mental health, and

3

it determined the disclosure of Plaintiff's history of sexual assault and suicidal ideation alone did not justify his request for anonymity. (Doc. No. 194 at 6–8). For these and other reasons explained in the Pseudonym Order, the Court ultimately determined that it was neither clearly erroneous nor contrary to law for the Magistrate Judge to find that "Plaintiff has failed to provide sufficient justification to show that his privacy interests substantially outweigh the presumption of open judicial proceedings." (Doc. No. 194 at 9 (quoting Doc. No. 93 at 11)). Plaintiff may disagree with that outcome, but he has not shown a strong likelihood that the Court *abused its discretion* in finding that the Magistrate Judge properly applied the factors from Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004). (See Doc. No. 194 at 3). It is possible that the Sixth Circuit could see things differently, but for now the Court finds that this factor weighs against granting a stay.

Second, the Court agrees that Plaintiff likely faces irreparable harm absent a stay. (Id. at 8–9). Specifically, if Plaintiff discloses his name "on the court docket it becomes public record and any harm that ensues cannot be reversed" by a victory on appeal. (Doc. No. 197 at 8). Without a stay, Plaintiff "will lose the opportunity to have the anonymity question decided by an appellate court" before the issue becomes moot. (Id. (citation omitted)); see also Doe v. Univ. of S. Ind., 2024 WL 3495077, at *2 (S.D. Ind. July 22, 2024). Accordingly, the threat of irreparable harm to Plaintiff's "appellate rights" weighs strongly in favor of issuing a stay pending appeal. (See Doc. No. 209 at 5).

Third, the potential prejudice to Defendants is minimal. Defendants already know Plaintiff's real name, and they have been litigating and navigating this case for well over a year without disclosing his identity on the docket. Defendants argue that Plaintiff's pseudonymity is causing a "delay in third-party discovery," but that constitutes a discovery dispute not a reason to deny a stay under these circumstances. (See Doc. No. 210 at 9–10). At bottom, the Court does

not find that Defendants would suffer undue harm by maintaining the status quo until the Sixth Circuit resolves Plaintiff's appeal.

Fourth, the public interest is likely neutral here. On one hand, the public has an interest in preserving meaningful appellate review. (See Doc. No. 209 at 5); see also United States v. Loud Hawk, 474 U.S. 302, 313 (1986) (noting that "there are important public interests in the process of appellate review"). On the other hand, the public also has a strong interest in open judicial proceedings. Univ. of S. Ind., 2024 WL 3495077, at *2. The Court understands Defendants' position that "an appeal should not be permitted to be used for strategic gain or for leverage," but it does not appear that Plaintiff is engaging in bad faith or gamesmanship by appealing this important issue. (See Doc. No. 210 at 11). Thus, the Court does not find that this factor tips the scale in either direction.

In addition to these four factors, courts have considered the potential "prejudice to the judicial system as a whole" in deciding whether to stay a pseudonym order. Univ. of S. Ind., 2024 WL 3495077, at *2. "Should the Court decide not to issue a stay, the prejudice to the judicial system and its purpose would be significant" because it would make any victory on appeal meaningless. Id. Moreover, "requiring a party to litigate a case utilizing their true names prior to appellate review of a district court order would have no legal or practical value." Id. The Court finds that Plaintiff's risk of irreparable harm and the potential prejudice to the judicial system outweigh the other factors and justify a stay here.

Accordingly, the Court will grant Plaintiff's motion and stay its Pseudonym Order pending appeal.

## II. DEFENDANT'S MOTION TO CONTINUE TRIAL DATE AND STAY CASE

Defendants also filed their own motion asking the Court to either: (1) continue the trial date for at least six months to allow the discovery disputes currently before the Court to be decided

and the parties to take depositions; or (2) stay all deadlines in the case pending Plaintiff's appeal of the Pseudonym Order. (Doc. No. 211 at 1–2). Plaintiff opposes a "blanket stay" of this case but "agrees that modifications to the case schedule are necessary" to complete discovery. (Doc. No. 213 at 1).

The Court does not find good cause to stay this case merely because Plaintiff has appealed the Pseudonym Order. The Pseudonym Order is, by definition, a collateral order that involves an "issue completely separate from the merits of the action." See Flanagan v. United States, 465 U.S. 259, 265 (1984) (citation omitted). A blanket stay is unnecessary because the Sixth Circuit's ruling will merely determine whether the case caption will reflect Plaintiff's pseudonym "Parker Poe" or his real name.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Stay the Court's Order Requiring Plaintiff to Disclose His True Name (Doc. No. 197) is **GRANTED**. The Court's August 26, 2025 Pseudonym Order (Doc. No. 194) is hereby **STAYED** pending a final determination by the Sixth Circuit in Case No. 25-5792. Defendants' Motion to Continue Trial Date and Other Deadlines in Case Management Order or, in the Alternative, to Stay Case Pending Resolution of Appeal of Pseudonym Order (Doc. No. 211) is **DENIED.**

This case is returned to the Magistrate Judge for further case management, including the pending Motions for Discovery Conferences (Doc. Nos. 182, 186, 189), Plaintiff's Motion Seeking Leave to File Supplemental Complaint (Doc. No. 191), and Plaintiff's Motion to Amend/Correct Case Management Deadlines (Doc. No. 214).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

7