In light of Judge Crenshaw's order regarding trial (Docket No. 219), the Motion is DENIED as moot.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PARKER POE | ) |
| | ) Case No. 3:24-cv-00368 |
| v. | ) |
| | ) |
| DR. MELANIE LOWE *et al.* | ) |

### PLAINTIFF PARKER POE'S MOTION TO AMEND/CORRECT CASE MANAGEMENT DEADLINES AND CONTINUE TRIAL DATE

Plaintiff respectfully moves this Court to amend the deadlines set forth in the Second Case Management Order dated April 8, 2025 and briefly continue the trial date. (*See* Dkt. No. 157, 200.) Plaintiff has consulted with counsel for Defendants prior to filing this motion, and all parties consent to this extension of the deadlines.[1]

### BACKGROUND

The Second Case Management Order (Dkt. 157), as amended by this Court's September 9, 2025 Order (Dkt. 200), establishes October 15, 2025, as the deadline for discovery-related motions, Plaintiff's expert disclosures, and Plaintiff's expert reports. It also establishes October 30, 2025, as the deadline for the parties to complete all written discovery and depose all fact witnesses. Circumstances now require an extension of those deadlines.

---

[1] Defendants disagree with certain characterizations set forth in this motion. Moreover, by declining to oppose this motion, Defendants do not waive their right to seek a longer continuance, as set forth in their pending Motion to Continue Trial Date and Other Deadlines in Case Management Order or, in the Alternative, to Stay Case Pending Resolution of Appeal of Pseudonym Order. (Dkt. 211.)

Three discovery disputes are currently pending before the Court:

On July 10, 2025, the parties filed a joint discovery dispute concerning the proper scope of third-party discovery related to Plaintiff's medical records. (Dkt. 182, 183.) One week later, the parties filed a joint discovery dispute concerning the scope of discovery aimed at third-party employer records.[2] (Dkt. 186, 187.) Then, on August 5, 2025, the parties filed a joint discovery dispute statement concerning Defendants' efforts to continue depositions for at least 30 days. (Dkt. 189, 190.)

After 30 days passed, Plaintiff sought to move forward with depositions. But Defendants have taken the position that they will not make any witnesses available until the Court rules on the August 5, 2025, discovery dispute. Plaintiff believes that discovery dispute is largely moot but has not been able to convince Defendants to move forward without involving the Court. So, depositions are at a standstill.

On September 22, 2025, Defendants filed a motion to continue all deadlines in this case or, in the alternative, to stay the case pending the interlocutory appeal of the order denying Plaintiff permission to use a pseudonym. Plaintiff does not believe that a six-month continuance is necessary and believes that a stay of the entire case is improper. But Plaintiff does recognize that some modification of the case management order is necessary given his inability to conduct depositions and is willing to confer about mutually agreeable adjustments that will move the case along. Given that, Plaintiff has filed a limited opposition to Defendants' motion. (Dkt. 213.)

---

[2] Defendants have since taken up Plaintiff on his offer to execute a release for the undisputed categories of information, so the scope of this dispute has narrowed since it was originally filed.

## ARGUMENT

The current discovery-motion deadline assumes that both parties would take reasonable steps to make witnesses available for depositions. Defendants have refused to do so until the Court rules on the August 5, 2025 dispute. Plaintiff cannot reasonably comply with the October 15 and October 30, 2025 deadlines unless and until Defendants make witnesses available. Without taking any depositions, Plaintiff's expert witnesses cannot complete their reports. Nor can Plaintiff determine whether additional discovery motions are warranted. Requiring Plaintiff to meet the current deadlines would require motions in an informational vacuum.

All parties agree that extending the most immediate discovery deadlines serves judicial economy. The current deadlines cannot be met without court intervention. Unfortunately, moving those deadlines back further implicates all of the deadlines in the current Case Management Order. Therefore, Plaintiff requests that the Court extend the deadline for the parties to file discovery-related motions to November 14, 2025, the deadline for Plaintiff's expert disclosures to November 21, 2025, the deadline for parties to complete written discovery and depose all fact witnesses to January 9, 2026, and the deadline for Defendants' expert disclosures to January 16, 2026, the deadline for all experts to be deposed to February 18, 2026, the deadline for dispositive motions to March 18, 2026, the deadline for non-moving party responses to dispositive motions to April 17, 2026, and the deadline for replies and responses to dispositive motions to May 1, 2026. Plaintiff then recommends a new

trial date be set in September 2026. Without prejudice to their Motion (Dkt. 211), which seeks a longer stay, Defendants do not oppose the relief requested herein.

## **CONCLUSION**

Plaintiff cannot comply with the current Case Management deadlines unless and until Defendants agree to make witnesses available for depositions. Accordingly, Plaintiff requests that the Court amend the deadlines as set out in this Motion.

Respectfully submitted,

*/s/ Edward J. Canter*
J. Alex Little (TN BPR No. 29858)
Zack Lawson (TN BPR No. 36092)
J.R. Glover (TN BPR No. 37772)
Edward J. Canter (NY No. 5345236)
Litson PLLC
54 Music Square East, Suite 300
Nashville, Tennessee 37203

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025, a true and correct copy of the foregoing motion has been served via the court's CM/ECF system upon all counsel of record.

/s/ *Edward J. Canter*
Edward J. Canter