# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **PARKER POE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-00368** |
| | ) | |
| **v.** | ) | **Judge Crenshaw** |
| | ) | **Magistrate Judge Frensley** |
| | ) | |
| **DR. MELANIE LOWE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | | |

## DEFENDANTS' ANSWER TO SUPPLEMENTAL COMPLAINT

Defendants Vanderbilt University, Dr. Jeremy Bourgoin, Neil Jamerson, Lisa Clapper, and Dr. Jamie Bojarski (collectively, "Defendants"), submit their Answer and Affirmative Defenses to Plaintiff's Supplemental Complaint:

1. Defendants have moved to partially dismiss the Second Amended Complaint, and their motion is still pending. Once the Court rules on the motion to dismiss, Defendants will answer the Second Amended Complaint, and those answers are fully incorporated herein.

## RELEVANT PARTIES

2. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegation.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted that the Court has federal question jurisdiction.

6. Admitted that the Court has personal jurisdiction over Defendants.

## SUPPLEMENTAL FACTUAL ALLEGATIONS

7. Denied.

## RELEVANT BACKGROUND

8. Denied.

9. The allegations in Paragraph 9 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them.

10. Denied.

11. Denied.

## PLAINTIFF ENGAGED IN PROTECTED ACTIVITY[1]

12. Denied.

13. Denied.

## VANDERBILT KNEW ABOUT PLAINTIFF'S PROTECTED ACTIVITY

14. The allegations in Paragraph 14 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them.

## VANDERBILT TOOK AN ADVERSE ACTION

15. Denied.

16. Denied.

17. Denied.

18. Denied.

---

[1] For the avoidance of doubt, Vanderbilt denies all section headers to the extent they are substantive.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## CAUSAL CONNECTION BETWEEN PROTECTED ACTIVITY
## AND ADVERSE ACTION

25. The allegations in Paragraph 25 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them.

## VANDERBILT CAUSED PLAINTIFF TO SUFFER MATERIAL HARM

26. The allegations in Paragraph 26 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them.

27. The allegations in Paragraph 27 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them.

28. The allegations in Paragraph 28 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them.

29. The allegations in Paragraph 29 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them.

## SUPPLEMENTAL CAUSE OF ACTION

## COUNT IX: SECTION 504 OF THE REHABILITATION ACT OF 1973
(Against Vanderbilt)

30.     Defendants incorporate by reference the responses contained in all preceding paragraphs as if fully stated herein.

31.     Section 504 of the Rehabilitation Act and Title VI of the Civil Rights Act of 1964 speak for themselves, but Defendants deny any allegations in Paragraph 31 that are inconsistent with the plain language of the statutes.

32.     The allegations in Paragraph 32 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants admit that Vanderbilt receives federal funding, but denies any allegations that are inconsistent with or exceed the scope of the foregoing limited admission(s).

33.     The allegations in Paragraph 33 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants admit that Vanderbilt receives federal funding, but denies any allegations that are inconsistent with or exceed the scope of the foregoing limited admission(s).

34.     The allegations in Paragraph 34 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them.

35.     The allegations in the first sentence of Paragraph 36 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them. Plaintiff's written correspondence with Vanderbilt representatives as described in the second sentence of Paragraph

4

35 speaks for itself, but Defendants deny any allegations in the second sentence of Paragraph 35 that are inconsistent with the plain language of the written correspondence.

36.     The allegations in the first sentence of Paragraph 36 are not factual allegations but rather arguments of counsel or conclusions of law that require no response. To the extent these allegations are deemed allegations of fact, Defendants deny them. Plaintiff's written correspondence with Vanderbilt representatives as described in the second sentence of Paragraph 36 speaks for itself, but Defendants deny any allegations in the second sentence of Paragraph 36 that are inconsistent with the plain language of the written correspondence.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## GENERAL DENIAL

Any allegation that Defendants do not specifically admit is denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Plaintiff's claims:

1.     The Supplemental Complaint fails to state a claim upon which relief may be granted.

2.     To the extent that another party caused Plaintiff's damages, Defendants assert comparative fault against those parties, and they should be apportioned fault by the trier of fact.

5

3. To the extent that Plaintiff caused his damages, the jury should find Plaintiff comparably liable. If Plaintiff is found at least 50% at fault for his damages, judgment shall be entered in favor of Defendants.

4. To the extent Plaintiff failed to take reasonable steps to mitigate his alleged damages, any claim for monetary relief must be reduced to an amount equal to the damages that could have been avoided.

5. To the extent Plaintiff filed after the applicable statute of limitations has expired, the statute of limitations bars Plaintiff's claims.

6. Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel, waiver and/or laches, and unclean hands.

7. Plaintiff did not suffer an "adverse action" under Section 504.

8. All the actions about which Plaintiff complains were taken solely for legitimate, nondiscriminatory and nonretaliatory reasons and were in no way motivated by or based on unlawful discriminatory or retaliatory animus.

9. Plaintiff cannot establish a causal connection between Defendants' alleged acts and Plaintiff's alleged protected activity.

10. Defendants had good cause concerning their actions toward Plaintiff.

11. Defendants had a good faith belief that their actions were in compliance with applicable laws.

12. The Supplemental Complaint may be barred by additional affirmative or other defenses that cannot be determined at this time without the benefit of discovery. Thus, Defendants reserve the right, subject to the Court's approval, to amend this Answer and plead additional defenses after discovery.

**PRAYER FOR RELIEF**

For the foregoing reasons, Defendants request:

1.      That this action be tried by a jury of the highest number allowed to be empaneled;

2.      That any trial be bifurcated and conducted in accordance with Tenn. Code Ann. § 29-39-104;

3.      That the Supplemental Complaint be dismissed with prejudice;

4.      That a judgment be entered against Plaintiff and in favor of Vanderbilt for Vanderbilt's discretionary costs.

DATED: January 7, 2026                  Respectfully submitted,

                                    */s Mark A. Baugh*
                                    Mark A. Baugh (#15779)
                                    Ryan P. Loofbourrow (#33414)
                                    Katelyn R. Dwyer (#39090)
                                    Baker, Donelson, Bearman,
                                    Caldwell & Berkowitz, P.C.
                                    1600 West End Avenue, Suite 2000
                                    Nashville, TN 37203
                                    (615) 726-5600
                                    mbaugh@bakerdonelson.com
                                    rloofbourrow@bakerdonelson.com
                                    kdwyer@bakerdonelson.com

                                    *Counsel for Defendants*