# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **PARKER POE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-00368** |
| | ) | |
| **v.** | ) | **Judge Crenshaw** |
| | ) | **Magistrate Judge Frensley** |
| **DR. MELANIE LOWE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendants Vanderbilt University ("Vanderbilt"), Neil Jamerson ("Jamerson"), Jeremy Bourgoin ("Bourgoin"), and Lisa Clapper ("Clapper") (collectively, "Defendants") submit this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and request that the Court grant this motion and enter an Order dismissing Plaintiff's Second Amended Complaint with prejudice for the reasons discussed in Defendants' corresponding memorandum of law.

In this lawsuit, Plaintiff asserts various federal and state law claims related to his suspension from Vanderbilt after he admitted to making a spree of 19 anonymous social media posts accusing another student of rape and other sexual misconduct. All of Plaintiff's claims should be dismissed. Plaintiff's breach of contract claim should be dismissed because it is undisputed that Vanderbilt did not breach the provisions of the Student Handbook that it was obligated to follow. Plaintiff's Title IX selective enforcement claim should be dismissed because Plaintiff was not similarly situated to the female students who also made anonymous social media posts. Plaintiff's defamation claim against Bourgoin should be dismissed because Bourgoin's statement was not false, there is no evidence that he acted with reckless disregard for the truth or negligence in failing to ascertain the truth, and Plaintiff cannot prove actual damages. Plaintiff's

negligence claim should be dismissed because Defendants' conduct did not give rise to a duty of reasonable care, Defendants did not breach any duty that may have arisen, and Defendants' actions were not the proximate cause of Plaintiff's alleged injuries. Plaintiff's claims for both intentional and negligent infliction of emotional should be dismissed because Defendants did not act negligently let alone intentionally, and they did not engage in outrageous conduct. Plaintiff's claim for tortious interference with business relationships should be dismissed because he fails to identify a prospective relationship with an identifiable class of third persons; he cannot establish intent, improper motive, or improper means; and his damages are wholly tenuous and speculative. Lastly, Plaintiff's Section 504 retaliation claims must be dismissed because there is no private right of action for retaliation under Section 504 of the Rehabilitation Act.

WHEREFORE, Defendants requests that the Court enter an Order granting it summary judgment pursuant to Federal Rule of Civil Procedure 56 because there is no genuine issue as to any material fact and Plaintiff's claims fail as a matter of law.

DATED: February 4, 2026   Respectfully submitted,

*/s Mark A. Baugh*
Mark A. Baugh (#15779)
Ryan P. Loofbourrow (#33414)
Katelyn R. Dwyer (#39090)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
mbaugh@bakerdonelson.com
rloofbourrow@bakerdonelson.com
kdwyer@bakerdonelson.com

*Counsel for Defendants*