# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

PARKER POE,

     Plaintiff,

v.

DR. MELANIE LOWE, *et al.*,

     Defendants.

Case No. 3:24-cv-00368

Judge Crenshaw

Magistrate Judge Frensley

## PLAINTIFF'S MOTIONS IN LIMINE (NOS. 1–5)

Plaintiff Parker Poe brings five motions *in limine*: four to exclude evidence and argument, and one addressing trial references to Poe and other former Vanderbilt students. The Court should rule that Defendants may not: (1) suggest that Poe could have subpoenaed GreekRank, Yik Yak, or similar platforms—the Stored Communications Act barred those platforms from complying with any such subpoena; (2) introduce details about sexual assaults suffered by Poe or his family; (3) offer evidence that Dr. Jeremy Bourgoin did not rely on in suspending Poe to justify that suspension after the fact; or (4) draw factual distinctions between Poe's conduct and comparator discipline records they withheld in discovery as unduly burdensome. The

Court should also (5) require the parties, counsel, and witnesses to use Poe's pseudonym in open court and to refer to his employers by neutral designations.

## I. Motion *in Limine* No. 1: To Bar Defendants from Blaming Plaintiff for Failing to Obtain What Federal Law Forbade.

Plaintiff moves this Court to preclude the Defendants, their counsel, and their witnesses from arguing, suggesting, or implying that Plaintiff could have obtained posts from GreekRank, Yik Yak, or any similar platform by serving a subpoena, on the ground that the Stored Communications Act, 18 U.S.C. §§ 2701–2713, would have prohibited those platforms from complying with any such subpoena, and that any argument premised on the purported availability of those materials would mislead the jury and cause unfair prejudice to Plaintiff under Federal Rule of Evidence 403.

Throughout this litigation—in the disciplinary proceedings, in depositions, and at summary judgment—Defendants have faulted Poe for failing to produce additional GreekRank and Yik Yak posts accusing Simon Roe of sexual assault. They now intend to press the same argument to the jury. They should not be permitted to do so. Poe's inability to produce additional posts is not a failure of proof; it is the operation of federal law. The Stored Communications Act bars third-party service providers from disclosing the content of stored communications to private parties in response to a civil subpoena. *See generally* 18 U.S.C. § 2702. A jury told that Poe "could have just subpoenaed" the posts would be told something federal law forbids.

From at least February 2022 through at least June 2022, posts appeared on GreekRank and Yik Yak calling Simon Roe a rapist. Poe has testified that he was one of many individuals who posted about Simon Roe during that period. Vanderbilt did

2

not open its disciplinary investigation until nearly a year after the first posts appeared. By then many posts were gone. Poe had no reason to preserve them when they were made—he had no notice that they would form the basis of a disciplinary proceeding—and once the investigation began, neither he nor anyone else could have obtained them through legal process. Federal law prohibited it.

The only posts before Vanderbilt during the disciplinary process were screenshots that Simon Roe himself had taken and provided to Vanderbilt. Yik Yak produced to Roe the subscriber data associated with specific posts, and Roe's father in turn provided that data to Vanderbilt—a disclosure consistent with the Stored Communications Act, which permits disclosure of subscriber information but not of stored content. *See* 18 U.S.C. § 2702(c)(6). No party could lawfully compel GreekRank or Yik Yak to produce the content of any additional stored posts. Vanderbilt nonetheless held Poe's inability to produce the posts against him in the disciplinary process and has pressed the same point through depositions and summary judgment.

The Stored Communications Act forbids any provider of an electronic communication service to the public from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1). That prohibition reaches civil subpoenas. *See, e.g.*, *Lucas v. Jolin*, No. 1:15-cv-108, 2016 WL 2853576, at *5 (S.D. Ohio May 16, 2016) (citing cases); *Viacom Int'l Inc. v. YouTube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) ("§ 2702 contains no exception for disclosure of such communications pursuant to civil discovery requests"); *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012)

3

(confirming that civil subpoenas cannot compel production from social media providers); *PPG Indus., Inc. v. Jiangsu Tie Mao Glass Co.*, 273 F. Supp. 3d 558, 560 (W.D. Pa. 2017) (noting a "seemingly settled body of decisional law" holding that the Stored Communications Act contains no exception permitting disclosure in response to a civil subpoena). GreekRank and Yik Yak are electronic communication service providers under the Act. *See* 18 U.S.C. § 2510(15). A subpoena to either platform for the content of stored posts would have been unenforceable.

Permitting this argument at trial would mislead the jury, plant a false premise in its evaluation of the evidence, and cause Poe unfair prejudice. Exclusion is therefore required under Rule 403.

## II.    Motion *in Limine* No. 2: To Bar Defendants from Introducing the Details of Sexual Assaults Suffered by Plaintiff or His Family.

Plaintiff moves to preclude Defendants, their counsel, and their witnesses from eliciting testimony, introducing evidence, or making any reference to the specific circumstances or details of any sexual assault suffered by Plaintiff or any member of his family and to protect the identities of others involved. The fact that such assaults occurred is not in dispute and is not the subject of this motion; Plaintiff referenced that background in in the disciplinary proceedings and in his complaint to explain his motive for speaking out about Roe. Dkt. 161. Defendants chose to linger on those details in Poe's deposition, then filed them on the docket in violation of the parties' protective order, and now threaten to air them further at trial—not to prove any fact of consequence, but to embarrass Poe and his family. That is not a permissible use of this evidence. The details are inadmissible under Rules 401 and 402 because they

4

bear on no claim or defense. They are independently excludable under Rule 403 because whatever marginal relevance Defendants might construct is substantially outweighed by unfair prejudice, jury distraction, and harassment of a witness.

This case arises from Vanderbilt's decision to sanction Poe for anonymous posts on GreekRank and Yik Yak identifying Simon Roe as a rapist. Poe's complaint explained, briefly and without elaboration, that his decision to speak out was informed by his own experience as a survivor and his awareness that members of his family had suffered similar harm. Dkt. 161. ¶ 30. That disclosure was made to give background context—not to invite a satellite proceeding into deeply personal matters. Defendants treated it as an opening. In depositions, they questioned Poe gratuitously about the specific circumstances of those assaults, then filed those depositions on the public docket without redaction, in violation of the parties' protective order. *See* Dkt. 239, 241. This motion asks the Court to ensure that conduct does not continue at trial.

The details of these assaults are irrelevant; the fact of them is not contested. Evidence is admissible only if it has any tendency to make a fact of consequence in determining the action more or less probable. Fed. R. Evid. 401. Plaintiff has alleged that he and members of his family are survivors of sexual assault. That fact is in the record. It appears in the complaint as background context—the kind of biographical detail that explains who Poe is and why he cared about this issue, not a fact in dispute that the jury must find. No claim or defense turns on how, when, by whom, or under what circumstances these assaults occurred. The details add nothing to what the background facts already establish and are irrelevant under Rules 401 and 402.

Even if marginally relevant, the details must be excluded under Rule 403, which permits exclusion where probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or waste of time. All three are present here. Defendants have identified no theory of defense that requires them to go beyond the bare fact that these assaults occurred—which means there is no probative value to weigh. Litigating the specific circumstances would transform a trial about institutional decision making into a satellite proceeding about deeply personal events no party contends are in dispute, consuming trial time and pulling the jury's attention from the questions it must actually decide: whether Vanderbilt followed its procedures, whether its process was biased, whether it acted with reasonable care. The manner in which Defendants have already handled this material confirms that exclusion is warranted. Details obtained in deposition under a confidentiality designation were filed publicly without redaction in violation of the parties' protective order. See Dkt. 239, 241. That conduct raises a legitimate question about the purpose its introduction would serve at trial.

Finally, Plaintiff notes that to the extent that Defendants seek to introduce details about Poe's own assault, questions may arise under Rule 412(b)(2), which governs the admissibility of sexual behavior evidence in civil proceedings. Any party intending to offer such evidence must file a motion and supporting offer of proof at least fourteen days before trial. Fed. R. Evid. 412(c)(1). If Defendants intend to go there, they should do so through the proper procedure—and in advance of trial, so the Court can assess admissibility before the issue arises in front of the jury.

6

### III. Motion *in Limine* No. 3: To Bar Defendants from Justifying the Suspension on Grounds Dr. Bourgoin Did Not Rely Upon.

Plaintiff moves to preclude Defendants, their counsel, and their witnesses from introducing, referencing, or arguing any evidence that was not before Dr. Jeremy Bourgoin when he suspended Poe as a basis for arguing to the jury that the suspension was substantively justified. Whatever Defendants may have learned after the fact during the course of this litigation cannot retroactively validate a decision that was not based on it. Such evidence would mislead the jury about what Dr. Bourgoin knew at the time of the decision. It is irrelevant to the claims and defenses before the Court, and its admission would be unfairly prejudicial under Rule 403.

Poe's claims arise from Vanderbilt's decision to suspend him. The decision-maker was Dr. Bourgoin. Following the suspension, Dr. Bourgoin issued a written rationale identifying the basis for his determination. In his deposition, Dr. Bourgoin testified about what materials and information were before him at the time he acted. That testimony defines the universe of evidence relevant to whether the suspension was justified. Anything outside it was not part of Bourgoin's reasoning.

The relevance of any justification for the suspension depends on whether that justification actually drove the decision. On Poe's breach of contract claim, the question is whether Vanderbilt followed its own procedures and whether its findings were supported by the record before the decision-maker. Evidence Bourgoin never saw and did not rely upon has no bearing on that question. On Poe's Title IX claim, the question is whether Vanderbilt's process was infected by bias—a question that turns on what Bourgoin considered and why, not on what Defendants' counsel has

assembled for trial. On Poe's negligence claim, the relevant inquiry is similarly backward-looking: what did Vanderbilt know, what did it do, and was that reasonable at the time. In each case, the operative facts are those that existed and were known at the time of the suspension. Evidence that postdates the suspension or was otherwise unknown to Dr. Bourgoin is irrelevant to all three.

Admitting post-decisional evidence to show the suspension was substantively correct would prove too much. It would allow Defendants to launder post-hoc rationalization into the record, inviting the jury to validate a decision on grounds the decision-maker himself never considered. That is not what the rules of evidence permit. Permitting this evidence would also consume substantial trial time litigating the merits of a disciplinary record that Bourgoin himself did not rely upon, confusing the jury about the relevant inquiry and causing unfair prejudice to Poe that no limiting instruction could cure. Exclusion is required under Rules 401, 402, and 403.

## IV. Motion *in Limine* No. 4: To Bar Defendants from Drawing Factual Distinctions They Foreclosed Poe from Testing in Discovery.

Plaintiff moves to preclude Defendants from arguing that Poe's conduct was more egregious than that of comparator students disciplined for harassment, impersonation, or disorderly conduct—the same charges brought against Poe—where Defendants declined to produce the full Complaint Resolution Forms for those comparators as unduly burdensome. Defendants cannot withhold records in discovery and then argue at trial the distinctions those records would have revealed.

Two categories of comparator students are relevant in this case. The first— Vanderbilt students who posted about Simon Roe—bears on Poe's Title IX claim and

is not at issue in this motion *in limine*. The second—students Vanderbilt disciplined for harassment, impersonation, or disorderly conduct during the period while Poe was at Vanderbilt—bears on Poe's breach of contract claim. That claim turns on whether Vanderbilt imposed discipline consistently. The Complaint Resolution Forms for the second category of comparators are the primary evidence on that question.

Poe asked for those records. Vanderbilt said producing them in their entirety was too burdensome. Poe didn't move to compel; he proceeded instead on summary data and short form records Vanderbilt produced and built his case accordingly. Now Defendants want to argue that Poe's conduct was more serious, more sustained, or otherwise different in kind from students who received lesser punishment—a factual argument that depends entirely on records they refused to produce and that their own 30(b)(6) witness could not identify.

A party that limits discovery by invoking burden cannot later exploit the gap that limitation created. The undisclosed evidence is subject to automatic exclusion under Fed. R. Civ. P. 37(c)(1). *See e.g.*, *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 682 (N.D. Cal. 2015) ("[T]he only way to restore both parties to equal footing with respect to [the undisclosed evidence] would be to preclude Defendant from using it."). By resisting production, Defendants represented implicitly that the full records were not worth the cost of producing them. They should be held to that position. Permitting them to now argue distinctions that turn on the contents of those records would give them the benefit of both the objection and the evidence—a result the Federal Rules do not permit. *See* Fed. R. Civ. P. 26(b)(2)(C), 37(c)(1); *see also*

9

*Dickenson v. Cardiac & Thoracic Surgery of E. Tenn, P. C.*, 388 F.3d 976, 983 (6th Cir. 2004) (The exclusion of undisclosed evidence "is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.") (quotation omitted).

The prejudice to Poe is real and specific. He never had the opportunity to test the distinctions that Defendants now intend to draw. He could not question witnesses about them, engage an expert to analyze them, or develop evidence to rebut them. If Defendants can argue at trial what they refused to produce in discovery, Poe must respond to a factual record he was never allowed to see. Rule 403 forbids that result.

The remedy is straightforward: Defendants may use what they produced—the summary data and short-form complaint resolution forms. They may not argue distinctions that depend on what they withheld.

## V. Motion *in Limine* No. 5: To Establish Trial Protocols Giving Effect to Poe's Pseudonymous Status.

Plaintiff moves for an order establishing the following trial protocols to give meaningful effect to Poe's pseudonymous status: (a) requiring all parties, counsel, and witnesses to refer to Plaintiff by his pseudonym in open-court proceedings; (b) directing the parties to review and pre-redact all exhibits, deposition excerpts, and trial filings to remove any information that could identify Poe, and requiring any document from which such identifying information cannot be adequately redacted to be filed under seal; (c) directing the parties to address pseudonym use during *voir dire* and to submit a proposed cautionary jury instruction on May 18; and (d) requiring all parties, counsel, and witnesses to refer to Poe's current and former employers by neutral designations—Company A, Company B, Company C, and so

forth—in open-court proceedings, to prevent the combination of employer identities, job titles, dates of employment, and other identifying details from unmasking Poe before the public, and requiring any filing that cannot avoid disclosing such employer identities or other unredactable identifying details to be filed under seal.

This case began in Tennessee state court, where Poe obtained leave to proceed under a pseudonym. *See* Dkt. 1-1. Defendants removed to federal court and promptly challenged the pseudonym order. *See* Dkt. 1; Dkt. 20. In response to that challenge, the magistrate judge concluded that Poe had not demonstrated the requisite showing for pseudonymous litigation, *see* Dkt. 93, and this Court affirmed. *See* Dkt. 194. Poe timely appealed, and this Court stayed enforcement of its order pending Sixth Circuit review. *See* Dkt. 196, Dkt. 216. That stay remains in effect, preserving Poe's pseudonymous status as the operative status quo for purposes of trial. Unless and until the Sixth Circuit rules otherwise, the trial protocols governing the use of his name and identifying information must reflect that status.

*Use of the Pseudonym in All Proceedings.* The Court should require all parties, counsel, and witnesses to refer to Plaintiff by his pseudonym—Parker Poe— throughout all open-court proceedings, including opening statements, witness examinations, closing arguments, and jury instructions. Neither party may refer to Plaintiff by his true name in open court. Similarly, the Court should require all parties, counsel, and witnesses to refer to the third-party individual proceeding under the pseudonym Simon Roe by that pseudonym throughout all open-court proceedings. Neither party may refer to Simon Roe by his true name in open court. In addition,

11

any other former Vanderbilt students whose identities warrant protection should be referred to exclusively by their initials in all open-court proceedings and filings.

*Pre-Trial Review and Redaction of Exhibits and Deposition Excerpts.* The Court should direct both parties to review all exhibits and deposition excerpts they intend to use at trial to ensure that no identifying information is presented to the jury or the public gallery. That review will be necessary in any event: Simon Roe, a non-party who has been granted a pseudonym, appears throughout the record, and the parties have previously referred to other former Vanderbilt students who reposted sexual assault allegations about Roe by their initials. Courts have found that pre-trial coordination on this issue imposes no significant burden. *See Doe v. University of the South*, No. 4:09-cv-62, 2011 WL 13187184, at *19-21 (E.D. Tenn. July 8, 2011) (directing both parties to "review documents they intend to use at trial carefully to ensure any excerpts do not identify Plaintiff" and that "such excerpts are no broader than necessary to present their arguments"; noting that pre-redacting materials before trial would help avoid on-the-fly redactions during testimony).

*Voir Dire and Cautionary Jury Instruction.* The Court should direct the parties to address pseudonym use during voir dire and to include a proposed cautionary instruction in their joint jury instruction submission. The cautionary instruction should explain to the jury that Plaintiff is proceeding under a court-approved pseudonym and that no inference—favorable or unfavorable—should be drawn from that fact. Courts have recognized that *voir dire* and a cautionary instruction are the appropriate tools for addressing any risk that jurors might accord a pseudonymous

plaintiff undue stature or harbor confusion or bias from the use of a pseudonym. *See University of the South*, 2011 WL 13187184, at \*19 (ordering defendant to prepare cautionary instruction and finding that pseudonymity concerns "can be cured during *voir dire* and with a cautionary instruction"); *see also United States v. Troup*, No. 3:12-c-36 JD, 2012 WL 3818242, at \*3 (N.D. Ind. Aug. 31, 2012) (disclosing full names of pseudonymous witnesses to jury pool during empanelment); *United States v. Daskal*, No. 21-cr-110, 2023 WL 9424080, at \*5 (E.D.N.Y. July 12, 2023) (providing jurors during selection with a list of all relevant names—pseudonymous and non-pseudonymous alike—without identifying any individual's role in the case, and excusing prospective jurors who recognized anyone on the list).

*Neutral Employer Designations.* The Court should require all parties, counsel, and witnesses to refer to Poe's current and former employers by neutral designations—*e.g.*, Company A, Company B, and Company C—in all open-court proceedings. The combination of employer identities, job titles, dates of employment, and other professional details could effectively unmask Poe before the jury and the public even if his name is never spoken. Requiring neutral employer designations throughout trial is therefore essential to ensuring that Poe's pseudonymous status provides meaningful protection rather than illusory cover.

## CONCLUSION

For the foregoing reasons, Mr. Poe requests that the Court grant each of the five motions in limine and enter orders excluding the evidence and argument identified herein and establishing the protocols set forth in Motion in Limine No. 5.

Respectfully submitted,

*/s/ Edward J. Canter*

J. Alex Little (TN BPR No. 29858)
Edward J. Canter (NY No. 5345236)
Sloan E. Nickel (TN BPR #42956)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, Tennessee 37203
alex@litson.co
ted@litson.co
sloan@litson.co

*Attorneys for Parker Poe*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, a true and correct copy of the foregoing

motion has been served via the court's CM/ECF system upon all counsel of record.

*/s/ Edward J. Canter*

Edward J. Canter