| | | |
|---|---|---|
| PARKER POE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-00368 |
| | ) | |
| v. | ) | Judge Crenshaw |
| | ) | Magistrate Judge Frensley |
| DR. MELANIE LOWE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL JOINT DISCOVERY DISPUTE STATEMENT

Plaintiff Parker Poe ("Plaintiff") and Defendants Vanderbilt University, Dr. Jeremy Bourgoin, Neil Jamerson, Lisa Clapper, and Dr. Jamie Bojarski (collectively, "Defendants") file this Supplemental Joint Discovery Dispute Statement pursuant to Section F of the Initial Case Management Order (Doc. 89) and Local Rule 37.01(b). The parties have reached an impasse regarding Defendants' request for an unredacted copy of an offer of employment recently extended to Plaintiff. The parties certify that counsel have exchanged letter correspondence and conducted multiple telephonic meet-and-confers on this issue. The parties have made a good faith effort to resolve the dispute between them but have not been able to reach an agreement.

## DEFENDANTS' STATEMENT OF THE DISPUTE

This case arises from Plaintiff's suspension from Vanderbilt for violation of Vanderbilt policy. Plaintiff brought this lawsuit against Defendants for their roles in the decision-making process, the ultimate accountability decision, and other matters collateral to the accountability decision. Plaintiff is seeking significant damages in this case for lost earning capacity and other employment-related damages.

After months of allegedly applying for jobs (Plaintiff never produced any documentation of his applications despite repeated demands), Plaintiff produced a heavily redacted copy of an offer letter from an employer on April 7, 2026.  Plaintiff redacted key information from the offer letter, including the name of the employer, the date of the offer, and the start date.  Plaintiff has purportedly accepted the job offer and has begun receiving paychecks.

Upon receipt of the redacted document in early April, Defendants immediately inquired about the grounds for the redactions and requested an unredacted copy.  Plaintiff has declined to provide an unredacted copy of the offer letter, citing confidentiality concerns.  In response to Plaintiff's concerns, Defendants' counsel has repeatedly assured Plaintiff's counsel that the offer letter will not be filed on the public docket[1] and that Defendants will not seek to contact the employer (which also requires 10 days' notice to Plaintiff's counsel under the Stipulated Protective Order, Doc. 95, ¶7).  Defendants' counsel also proposed an "Attorneys' Eyes Only" designation.  Plaintiff has still declined to produce the unredacted offer letter and his final proposed solution was to provide the employer's name verbally after the Parties' upcoming mediation.

Redacting discoverable documents is generally not permitted under the Federal Rules of Civil Procedure. *Weidman v. Ford Motor Co.*, 340 F.R.D. 106, 112 (E.D. Mich. 2021) (compiling cases). While Defendants understand Plaintiff's confidentiality concerns and have tried to propose protective measures to address his concerns, there is a Protective Order in place and Defendants need and are entitled to the information currently obscured by redactions.  The redacted information is directly relevant to both plaintiff's mitigation of damages and to the veracity of Plaintiff's expert's opinion about Plaintiff's likelihood of receiving certain job offers from certain

---

[1] While there have been regrettable inadvertent disclosures of confidential information in this case, those disclosures have been made by both Plaintiff <u>and</u> Defendants.  The disclosures were also quickly rectified.

categories of employers. The identity of the employer is also relevant to the upcoming mediation in this case, as it could impact settlement discussions.

In summary, the unredacted offer letter is discoverable, and Defendants are entitled to it as soon as possible. Defendants spent precious weeks trying to cater to Plaintiff's demands about confidentiality, but nothing they proposed appeased him. It is now nearly two weeks before trial and Defendants do not have the information necessary to defend themselves. Defendants therefore request that the Court issue an order requiring that an unredacted copy of the document be produced by 5:00 P.M. C.T. on Friday, May 15, 2026.

**PLAINTIFF'S STATEMENT OF THE DISPUTE**

The parties agree on the basics: Plaintiff received a job offer, produced the offer letter and employment agreement promptly, and has legitimate concerns about disclosing his new employer's identity. The dispute is narrow—*how* the rest of that disclosure should occur—and it is a dispute that Defendants' own litigation conduct has made more difficult to resolve.

The record puts Defendants' complaints in perspective. Plaintiff documented dozens of job applications submitted before and shortly after his graduation from Vanderbilt, and he provided the information to the school on a rolling basis in compliance with his discovery obligations. That Defendants' characterization of this as no production at all appears to reflect a misunderstanding of modern online applications. There are no paper applications because there were none— applications today are submitted through online portals. When Plaintiff received the offer letter and employment agreement, counsel promptly produced it to Defendants. He has supplemented that disclosure with the paystub for his first paycheck. Plaintiff has also offered to produce the unredacted documents directly to Defendants' expert and to stipulate to any material information about the employer. Defendants seemed comfortable with the idea of oral disclosure of the

3

redacted information. Poe confirmed that was acceptable. Defendants then backed away from that approach.

Plaintiff's confidentiality concerns are not generic—they are grounded in a documented pattern of litigation conduct in this case and in related litigation. During the course of this case, Defendants filed sensitive personal information, including information about sexual assaults involving Poe and his family members on the public docket. They have included gratuitous personal information about him that—when viewed most charitably—tests the boundaries of the current order regarding the use of a pseudonym, including information about prior employers. And they have filed FERPA-protected information about Poe on the public docket in other litigation, continuing to do so after being warned that they were violating federal law. An attorneys'-eyes-only designation does not meaningfully address this pattern of behavior. Beyond that, the subject of the online posts underlying this litigation has retained a private investigator who has reached out to Plaintiff's personal and professional contacts, and the subject's counsel—the firm that employs the investigator—also represents Vanderbilt and Dr. Bourgoin in ongoing litigation. Plaintiff's caution is a reasonable response to that record.

Plaintiff has offered a series of workable accommodations, one for each concern Defendants raised. Defendants first said they wanted to verify employment; Plaintiff offered to produce the unredacted offer letter and employment agreement directly to Defendants' expert, who could confirm employment and all material terms. Defendants then said they needed to know what kind of firm Poe had joined; Plaintiff offered to stipulate to the employer's substantive characteristics and to all employment terms relevant to Defendants' damages and expert arguments. Defendants then said they needed the employer's name to prepare for cross-examination; Plaintiff agreed to oral disclosure to lead counsel—a proposal Defendants had

4

signaled was acceptable. Each time Defendants identified a concern, Plaintiff proposed a workable alternative tailored to the concern Defendants had articulated. Each time, Defendants moved the goalposts. Their expert can opine on mitigation; counsel can prepare for cross examination. What remains withheld is only a *written* record of the employer's name—and given this record, Plaintiff's reluctance to create one without adequate safeguards is plainly reasonable.

Federal Rule of Civil Procedure 26(c), Rule 37(b)(2), and the Court's inherent powers afford broad authority to address Plaintiff's legitimate concerns about Defendants litigation conduct, and the pattern of unnecessary and inappropriate disclosures of sensitive personal information substantially strengthen the showing of good cause for modified disclosure terms here.

Defendants ask the Court to compel written disclosure of the employer's name by 5:00 p.m. tomorrow. The timing is not a coincidence. The parties are scheduled to mediate on Monday. If the Court is inclined to order further disclosure, Plaintiff respectfully submits that the disclosure be deferred until Tuesday of next week, after the Court-ordered mediation on Monday. Should the parties make progress toward settlement, the disclosure may prove unnecessary. If not, Plaintiff should provide oral disclosure to lead counsel only—with express acknowledgment of confidentiality obligations and the consequences for violation—on Tuesday morning.

5

DATED: May 14, 2026

Respectfully submitted,

*/s Katelyn R. Dwyer*
Mark A.  Baugh (#15779)
Ryan P. Loofbourrow (#33414)
Katelyn R. Dwyer (#39090)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-5600
mbaugh@bakerdonelson.com
rloofbourrow@bakerdonelson.com
kdwyer@bakerdonelson.com

*Counsel for Defendants*

*/s Edward J. Canter (with permission)*
J. Alex Little (#29858)
Edward J. Canter (NY No. 5345236)
Sloan E. Nickel (#42956)
Litson PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
alex@litson.co
ted@litson.co
sloan@litson.co

*Counsel for Parker Poe*

6