# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **PARKER POE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-00368** |
| | ) | **Judge Crenshaw/Frensley** |
| **DR. MELANIE LOWE, et al.,** | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court are two motions to seal certain documents related to briefing on the Defendants' motion for summary judgment recently decided by the Court. Docket Nos. 235 and 250. The motions to seal are based in large measure on the pleadings referencing the Plaintiff's real name rather than the pseudonym "Parker Poe." Id. The Court's prior order (Docket No. 194) that the Plaintiff must proceed under his real name has been stayed pending the resolution of Plaintiff's appeal from that order to the United States Court of Appeals for the Sixth Circuit. Docket No. 216.

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to

be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F. 3d at 305.

Because the documents the Parties request to be sealed relate to the Plaintiff proceeding by pseudonym, a matter which is presently before the United States Court of Appeals for the Sixth Circuit, sealing is appropriate. The Court, in its order has continued to identify the Plaintiff by pseudonym and the pleadings on the docket should as well. The requested sealing is appropriate and reasonably limited to protect the interest of the Parties. Subject any ruling from the Court of Appeals the Court may reconsider this order. However, at this time, the requested sealing is appropriate.

For the reasons set forth herein, the motions to file under seal (Docket Nos. 235 and 250)

are **GRANTED.**

      **IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

3